UNITED STATES of America,
Plaintiff-Appellee,

v.

Andrew J. EVANKO,
Defendant-Appellant.

No. 78–5194.

United States Court of Appeals,
Sixth Circuit.

Submitted June 21, 1979.

Decided Aug. 6, 1979.

As Amended Aug. 29, 1979.

Rehearing Denied Sept. 20, 1979.

Andrew J. Evanko, in pro. per.

James R. Williams, U. S. Atty., James C. Lynch, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before LIVELY and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Andrew J. Evanko appeals from his jury conviction for failure to file income tax returns for the years 1972 and 1973. He filed a pro se brief in this court. The case was scheduled for oral argument on the hearing calendar on June 21, 1979. Appellant notified the clerk that he would not appear for oral argument on the scheduled date and requested this his appeal be continued until a later session.

In view of the court's congested docket and backlog, the Chief Judge has designated this panel to consider Evanko's appeal pursuant to Rule 9 of the Rules of the United States Court of Appeals for the Sixth Circuit.[1]

Evanko was employed by The Timken Co. from June 1955 until August 9, 1976. During the calendar years 1972 and 1973 he received gross income amounting to $13,-317.72 and $13,677.40, respectively, upon which he was required by law to file income tax 1040 returns. For the years prior to 1972 Evanko had submitted 1040 returns pursuant to 26 U.S.C. § 6011(a), which mandates that "every person required to make a return or statement shall include therein the information required by such forms or regulations."

For the taxable years 1972 and 1973 Evanko submitted to the Internal Revenue Service 1040 forms containing only his name, address, social security number and occupation. Omitted from the form was the information necessary for computation of Evanko's tax liability for these years. Instead of furnishing the information required by the form, Evanko invoked his fifth amendment privilege against self-incrimination. In addition, he attached to the 1040 form more than 120 pages of material in support of his claimed privilege.

Evanko was charged in four counts with failure to file income tax returns for the years 1972 and 1973, and failure to supply the information required on the 1040 forms, in violation of 26 U.S.C. § 7203, which provides as follows:

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such

---

1. Rule 9. Docket Control.

    (a) In the interest of docket control the Chief Judge may from time to time, in his discretion, appoint a panel or panels to review pending cases, or motions pending in such cases, for appropriate assignment or disposition under this rule or any other rule of the Court.

    \*   \*   \*   \*   \*   \*

    (d) If, upon the consideration of any interlocutory motion or as a result of a review under subsection (a) of this rule, the Court concludes:

    1. that the appeal is not within the jurisdiction of the Court;

    2. that the appeal is frivolous and entirely without merit;

    3. that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument; or

    4. that clear error or an intervening decision of this Court or the Supreme Court requires reversal or vacation of the judgment or order appealed from or a remand for additional proceedings;

the panel may enter an appropriate order dismissing the appeal, affirming, reversing or vacating the judgment or order appealed from or remanding the cause for additional proceedings.

return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,-000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

Counts II and IV were dismissed by order of the district court. Evanko was tried by a jury on the other two counts. The jury found him guilty as charged.

Evanko was sentenced to one year in a jail-type institution, of which the last six months were suspended; four and one-half years probation; and a $500 fine on each count. The sentence and probationary periods are to run concurrently.

The 1040 forms filed by appellant for the years 1972 and 1973 are not returns within the meaning of the Internal Revenue Code. *United States v. Jordan,* 508 F.2d 750 (7th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975); *United States v. Daly,* 481 F.2d 28 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973).

■ Evanko argues that the district court committed reversible error in failing to conduct a pretrial hearing to determine whether his action invoking the fifth amendment was well taken, relying on *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1975). We conclude that appellant's reliance on *Garner* is misplaced. In *Garner,* the Supreme Court expressly held that a person invoking the privilege against compulsory self-incrimination in lieu of supplying required information on his tax return may be prosecuted under 26 U.S.C. § 7203 for willful failure to file a return. 424 U.S. at 651, 96 S.Ct. 1178. *Garner* does not require a preliminary hearing for testing the validity of the asserted privilege.

■ Appellant argues that he was not guilty of bad faith or evil motive when he filed his 1040 form and accompanying papers. This claim is without merit. Under *Daly, supra,* appellant's conduct amounted to a total failure to file a return. In *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1972), the Supreme Court held that the word "willfully" "generally connotes a voluntary, intentional violation of a known legal duty." 412 U.S. at 360, 93 S.Ct. at 2017. In *United States v. Greenlee,* 517 F.2d 899, 904 (3d Cir.), *cert. denied,* 423 U.S. 985, 96 S.Ct. 391, 46 L.Ed.2d 301 (1975), the court approved instructions stating that the only "bad purpose" necessary to meet the willfulness requirement of § 7203 is a deliberate intent not to file returns that the taxpayer knows ought to be filed.

Appellant further contends that the United States Attorney committed reversible error in his closing argument to the jury. We find this and all other contentions made by appellant to be without merit.

Upon consideration of the briefs of the parties and the entire record, the court concludes that the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument, that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument and that the appeal is frivolous and entirely without merit.[2]

Affirmed.

---

2. Fed.R.App.P. 34 and Rule 9, Rules of the United States Court of Appeals for the Sixth Circuit (see n.1).