Patrick J. RILEY and Sherry A. Riley, Plaintiffs,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant.

No. C–2–82–1467.

United States District Court, S.D. Ohio, E.D.

Feb. 7, 1983.

Patrick J. Riley and Sherry A. Riley, pro se.

Albert R. Ritcher, Asst. U.S. Atty., Columbus, Ohio, Matthew Yackshaw, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

On November 17, 1982, plaintiffs, taxpayers, filed this action against the Commissioner of Internal Revenue seeking a temporary restraining order and a permanent injunction ordering defendant to refrain from any attempt to collect a penalty assessed against plaintiffs under 26 U.S.C. § 6682. On December 3, 1982, defendant Commissioner filed a motion to dismiss the action. This case is now before the Court on defendant's motion to dismiss.

## I.

Plaintiff Patrick Riley filed a form W–7 (tax withholding statement) with the Internal Revenue Service (I.R.S.) for the year 1982, indicating he was exempt from withholding. On September 3, 1982, the I.R.S. sent Mr. Riley a letter requesting more information regarding his form W–4 and on September 8, 1982, plaintiff supplied such information. On October 22, 1982, the I.R.S. informed plaintiff that his W–4 did not meet the requirements of 26 U.S.C. § 3402 and that the I.R.S. was directing plaintiff's employer to disregard his W–4 and to withhold as though plaintiff were single and claiming one deduction. On November 6, 1982, plaintiff mailed a letter to I.R.S. restating his position along with a Form 843 proving he incurred no tax liability for 1981. On November 8, 1982, plaintiffs Patrick Riley and Sherry A. Riley received a bill for a $500 civil penalty for supplying false information with respect to withholding on plaintiff Patrick Riley's form W–4, pursuant to 26 U.S.C. § 6682(a). On November 10, 1982, the I.R.S. sent a final notice to plaintiff informing them of the I.R.S.'s claimed right to levy upon the wages, bank accounts, receivables, commissions, or any other kind of income of plaintiffs in order to collect the $500 penalty. Plaintiffs then filed this action asserting that defendant's actions constituted a violation of plaintiffs' constitutionally protected due process rights and that the collection of the penalty should, therefore, be enjoined.

## II.

Defendant has moved to dismiss plaintiffs' complaint on the following grounds:

1. This Court lacks jurisdiction over the subject matter.

2. Plaintiff's action is barred by the doctrine of sovereign immunity.

3. The complaint fails to state a claim upon which relief can be granted.

Defendant's assertion that this Court lacks jurisdiction over the subject matter is based upon the Anti-Injunction Act, 26 U.S.C. § 7421(a), which states

Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 6682(c) as amended, specifically provides that the deficiency procedures outlined in sections 6212 and 6213 do not apply to the assessment or collection of any penalty imposed by section 6682. 26 U.S.C. § 7426 applies only to civil actions by persons other than taxpayers. Furthermore, section 6671 of the Code provides that any reference in the Code to "tax" shall be deemed to refer to the penalties and liabilities provided by this subchapter. 26 U.S.C. § 6671(a). It is clear, therefore, that this action is not excluded from the provisions of The Anti-Injunction Act by language of that statute quoted above. *Fritz v. United States,* Civil Action No. C–1–82–806 (S.D. Ohio, December 16, 1982).

Plaintiff argues, however, that this action falls within a judicially created exception to the Anti-Injunction Act. In *Enochs v. Williams Packing and Navigation Company,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court held that the Anti-Injunction Act would not bar an action to restrain assessment or collection of a tax "if it is clear that under no circumstances could the government ultimately prevail" and "if equity jurisdiction otherwise exists." 370 U.S. at 7, 82 S.Ct. at 1129. The Court stated that,

> [w]e believe that the question of whether the government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed.

*Id.* The Supreme Court has since held that the exception set forth in *Williams Packing* is the only exception to the Anti-Injunction Act. *Bob Jones University v. Simon,* 416 U.S. 725, 742, 94 S.Ct. 2038, 2048, 40 L.Ed.2d 496 (1974).

█ In determining whether this action falls within the *Williams Packing* exception, this Court notes initially that the taxpayer seeking to bring an action within that exception has the ultimate burden of persuading the court that under no circumstances could the government ultimately prevail on the merits of its claim. *Commissioner v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976). Therefore, to the extent it is necessary to make such a determination, the Court must look to the merits of this case.

The essence of plaintiffs' argument is that the Government's assessment of the penalty and any subsequent levying of property, in particular the garnishment of taxpayers' wages, would constitute a taking of property without due process, a violation of plaintiffs' Fifth Amendment rights. They argue that the Supreme Court's holding that I.R.S. assessments and collection prior to a hearing does not violate the due process clause, *Phillips v. Commissioner,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931), does not apply to the assessment and collection procedure involved here. Plaintiffs distinguish this case from *Phillips* because, unlike the present case, the *Phillips* Court dealt with an assessment which the taxpayer had an opportunity to challenge not only in a refund suit but also before the Board of Tax Appeals *prior* to his property being taken. Since a penalty assessed under 26 U.S.C. § 6682(c) is not subject to the deficiency notice procedures provided for in 26 U.S.C. §§ 6212 and 6213, a taxpayer assessed such penalty has no opportunity for a pre-collection judicial determination of his claims. Therefore, plaintiffs argue, the *Phillips* rationale does not apply, here, and the penalty collection procedure violates taxpayers' due process rights.

█ Although generally the Constitution requires both notice and a hearing prior to a governmental taking of property, exceptions to the general rule exist in situations

where a significant government interest justifies delaying the hearing until after the seizure of the property rights. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *See also* this Court's Memorandum and Order in *United States v. Crooksville Coal Co., Inc.,* Civil Action No. C–2–80–861 (S.D.Ohio, Jan. 25, 1983), (payment of penalty prior to appeal not a violation of due process); *Powell v. Kopman,* 511 F.Supp. 700 (S.D.N.Y.1981) (payment of tax penalty prior to litigation not a violation of due process). In *Phillips,* the Supreme Court stated, "[w]here only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate." 283 U.S. at 596–97, 51 S.Ct. at 611.

■ As the Supreme Court has stated, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). In *Mathews v. Eldridge, supra,* the Supreme Court set forth an analysis for determining the constitutional sufficiency of a statutory scheme which provides for a post-collection hearing only. Among the factors to be considered and weighed are (1) the private interest affected, (2) the risk of an erroneous deprivation of such interest and the probable value of additional procedural safeguards, and (3) the Government's interest. 424 U.S. at 335, 96 S.Ct. at 903.

■ In the instant case, plaintiffs have a right to file an action for a refund under 26 U.S.C. § 7422. The fact that the taxpayer might be harmed by the collection will not, by itself, bar application of the Anti-Injunction Act. *Bob Jones University,* 416 U.S. at 745, 94 S.Ct. at 2050. Given the strong governmental interest in the prompt collection of revenue, this Court, without deciding the merits of plaintiffs' claim, finds that their due process claim is sufficiently debatable to foreclose any notion that "under no circumstances could the government ultimately prevail." *Williams Packing,* 370 U.S. at 7, 82 S.Ct. at 1129. Furthermore, the injunctive relief sought

by plaintiffs is clearly at odds with the dual objectives of section 7421(a): "efficient and expeditious collection of taxes with 'a minimum of preenforcement judicial interference,' and protection of the Collector from litigation pending a refund suit." *United States v. American Friends Service Committee,* 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974). Accordingly, this Court finds that plaintiffs have not met their burden of demonstrating that this action falls within the *Williams Packing* exception to the Anti-Injunction Act.

■ Alternatively, plaintiffs contend they should nevertheless prevail because the Anti-Injunction Act itself is unconstitutional. This contention may be disposed of briefly. The Supreme Court has held that application of the Anti-Injunction Act is not a denial of due process as long as the taxpayer has access to judicial review in a refund action. *Bob Jones University v. Simon, supra.* As previously noted, such judicial review is available to plaintiffs. The application of the Anti-Injunction Act, therefore, is not unconstitutional.

In accordance with the foregoing, this Court finds that plaintiffs have not carried their burden of showing this action is excepted from the Anti-Injunction Act. Therefore, this Court is without jurisdiction to hear this action, and, accordingly, finds it is unnecessary to address the additional grounds for dismissal asserted by defendant. Defendant's motion to dismiss this action must be and hereby is GRANTED.

IT IS SO ORDERED.