**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Steven T. HEISE, Defendant-Appellant.**

**No. 81-3080.**

United States Court of Appeals,
Sixth Circuit.

Argued April 19, 1983.

Decided June 17, 1983.

Certiorari Denied Oct. 17, 1983.
See 104 S.Ct. 285.

**450**

Steven T. Heise (argued), for defendant-appellant.

Mitchell Ehrenberg, John M. Siegel, Randolph Baxter (argued), Asst. U.S. Attys., Cleveland, Ohio, for plaintiff-appellee.

Before ENGEL, Circuit Judge, and WEICK and PHILLIPS, Senior Circuit Judges.

PER CURIAM.

This is a tax protester case. Appellant Steven Heise was convicted of willful failure to file income tax returns in violation of 26 U.S.C. § 7203. On appeal he seeks reversal by claiming, *inter alia,* that his failure to file proper returns constituted a valid exercise of his fifth amendment privilege against compulsory self-incrimination. We affirm the conviction.

During the years 1976 and 1977, appellant worked as a security guard for Temple University and received wages of approximately $9,000 in 1976 and $7,000 in 1977. Although he had filed complete and proper tax returns for previous years, Heise did not do so for tax years 1976 and 1977. Instead, as part of a tax protest movement, he submitted 1040 forms for both years with no financial information on which to compute his tax liability. Rather, on each line of the form Heise cited his refusal to supply the necessary information on the basis of numerous constitutional grounds—primarily the fifth amendment.

On November 7, 1979, appellant was charged with one count of willful failure to file an income tax return for the year 1976, in violation of § 7203, by Information filed in the Eastern District of Pennsylvania. Heise was charged with a second violation under § 7203, for tax year 1977 by Information filed on January 4, 1980, in the Northern District of Ohio. The two charges were consolidated for trial in the Northern District of Ohio.

On November 21, 1980, appellant was convicted by a jury of both charges. Senior District Judge William K. Thomas sentenced Heise to 20 days in jail on the first count and two years probation on the second count. The sentence was stayed pending appeal.

The gravamen of this appeal is Heise's argument that he is protected by the fifth amendment from disclosing the information requested and may not be subjected to prosecution for the exercise of that right.

The Supreme Court has held that the fifth amendment privilege against compulsory self-incrimination, if validly exercised, is a defense to a § 7203 prosecution. *Garner v. United States,* 424 U.S. 648, 662, 96 S.Ct. 1178, 1186, 47 L.Ed.2d 370 (1976). The court also has held that the privilege does not justify an outright refusal to file an income tax return. *United States v. Sullivan,* 274 U.S. 259, 263, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). In the present case, Heise asserted the privilege in response to each

specific question; however, he did so on such a wholesale basis as to deny the Internal Revenue Service any information with respect to his income for the years 1976 and 1977.

■ This Circuit has held that a tax return which contains no information from which tax liability can be calculated does not constitute a tax return within the meaning of the Internal Revenue Code. *See United States v. Mundt,* 666 F.2d 1029 (6th Cir.1981); *United States v. Evanko,* 604 F.2d 21, 23 (6th Cir.1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 685, 62 L.Ed.2d 657 (1980), citing *United States v. Jordan,* 508 F.2d 750, 752 (7th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975); *United States v. Daly,* 481 F.2d 28, 29 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). Other circuits also have held that the failure to provide any information in a tax return is tantamount to failure to file any return at all. *See, e.g., United States v. Pilcher,* 672 F.2d 875, 877 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); *Beatty v. Commissioner of Internal Revenue,* 667 F.2d 501, 502 (5th Cir.1982); *United States v. Booher,* 641 F.2d 218, 219 (5th Cir.1981); *United States v. Edelson,* 604 F.2d 232, 234 (3rd Cir.1979); *United States v. Brown,* 600 F.2d 248, 251 (10th Cir.), *cert. denied,* 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979); *United States v. Pryor,* 574 F.2d 440, 442 (8th Cir.1978). Therefore, Heise's failure to provide the proper financial data on his tax returns amounted to a total failure to file a return. This cannot be justified under the fifth amendment.

■ Appellant also argues that he exercised his fifth amendment privilege in good faith and, therefore, cannot be prosecuted under § 7203 for willful failure to file a return. This claim is without merit. In *United States v. Bishop,* 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973), the Supreme Court ruled that the term "willfully" merely connotes "bad faith" or a voluntary, intentional violation of a known legal duty. This court has held that the willfulness requirement of § 7203 is satis-fied if there is a deliberate intent not to file returns that the taxpayer knows ought to be filed. *Evanko, supra,* 604 F.2d at 23, citing *United States v. Greenlee,* 517 F.2d 899, 904 (3rd Cir.), *cert. denied,* 423 U.S. 985, 96 S.Ct. 391, 46 L.Ed.2d 301 (1975). The record discloses clearly that Heise was a tax protestor who attempted to frustrate the tax laws by use of the fifth amendment. The finding that appellant failed to assert the privilege in good faith was not clearly erroneous.

■ Appellant also argues that it was error for the district court to permit the Government to admit into evidence prior tax returns to demonstrate Heise's knowledge of the duty to file a proper tax return. This claim is without merit.

Rule 404(b) of the Federal Rules of Evidence provides that evidence of other acts may be admissible to prove one's knowledge. In similar cases, when a person has filed the so-called "fifth amendment" tax return, the courts have permitted the Government to introduce prior tax returns to demonstrate the taxpayer's knowledge of the duty to file a proper tax return. *See, e.g., United States v. Moore,* 627 F.2d 830, 832, 101 S.Ct. 1360, 67 L.Ed.2d 342 (7th Cir.1980) (in a § 7203 prosecution it is acceptable to use earlier returns to show willfulness), *cert. denied,* 450 U.S. 916 (1981), citing *United States v. Stout,* 601 F.2d 325, 329 (7th Cir.), *cert. denied,* 444 U.S. 979, 100 S.Ct. 481, 62 L.Ed.2d 406 (1979); *United States v. Thiel,* 619 F.2d 778, 781 (8th Cir.) (there is no abuse of discretion in admitting taxpayer's income tax filings either for the years preceding or following the years upon which the conviction is based), *cert. denied,* 449 U.S. 856, 101 S.Ct. 152, 66 L.Ed.2d 70 (1980), quoting *United States v. Luttrell,* 612 F.2d 396, 397 (8th Cir.1980). *Cf. United States v. Nuth,* 605 F.2d 229, 234–35 (6th Cir.1979) (in prosecution for fraud in connection with preparation and filing of four gift tax returns, trial judge did not err in admitting defendant's tax returns for eight year period to demonstrate defendant's sophistication in preparing complex tax returns).

All other contentions made by appellant have been considered and are without merit. Accordingly, the conviction is affirmed.