ANDREW J. EVANKO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Evanko v. Commissioner
Docket No. 5700-83.
United States Tax Court
T.C. Memo 1984-168; 1984 Tax Ct. Memo LEXIS 505; 47 T.C.M. (CCH) 1435; T.C.M. (RIA) 84168; April 3, 1984. *505 Held: Respondent's motion for summary judgment is granted; additions to tax are imposed under sec. 6653(b) (fraud), I.R.C. 1954. Doncaster v. Commissioner,77 T.C. 334 (1981); Rule 121(a), Tax Court Rules of Practice and Procedure.
Steven M. Walk, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: The instant case is before us on respondent's motion under Rule 121(a)[1] for summary judgment as to the deficiencies and additions to tax. Respondent determined deficiencies in Federal *506 individual income tax and additions to tax under section 6653(b) [2] (fraud), as follows: Year
Deficiency
Addition to Tax
1972
$431.27
$1,401.84
1973
2,599.77
1,403.39
1974
3,136.14
1,716.57
1975
136.50
2,148.18
1976
3,852.56
2,086.00
1977
4,976.68
2,577.34
1978
6,281.17
3,361.08
1979
4,779.22
2,780.11
1980
109.00
54.50
The instant case was set for trial at the March 5, 1984, Cleveland, Ohio, trial session. Petitioner failed to appear at the calendar call for this session, and failed to appear on March 7, 1984, when the instant case was recalled. When the petition in the instant case was filed, petitioner resided in Lexington, Kentucky. On August 1, 1983, respondent moved, under Rule 37(c), that the undenied allegations in paragraphs 26 and 27 of his answer be deemed admitted. After a hearing, at which petitioner did not appear, this motion was granted by order dated August 31, 1983. Petitioner filed joint Federal income tax returns with his wife for 1968 through 1971. For 1972 *507 and 1973 petitioner filed Forms 1040 which did not include statements as to the amounts of his income, deductions, or credits. Attached to the 1973 Form 1040 was an altered Form W-2. On September 27, 1976, petitioner was found guilty of having knowingly and willfully failed to file income tax returns for 1972 and 1973, in violation of section 7203. ( United States v. Evanko,604 F.2d 21 (CA6 1979).) At various times in 1975 and 1976, petitioner filed Forms 1040 for 1974 and 1975, and an amended Form 1040 for 1972, none of which includes statements as to the amounts of his income, [3] deductions, or credits. In October 1975, December 1975, and October 1979, petitioner submitted to his employer Forms W-4 on which he directed his employer to withhold income taxes based on claimed exemptions in the number of 80, 20, and 99, respectively. At various times in 1980 or 1981, petitioner filed Forms 1040A for 1977, 1978, and 1979, and Forms 1040 for 1972, 1973, 1974, 1975, 1976, and 1980. On these returns, petitioner reported wages of approximately the following percentages of the wages shown on his Forms W-2: 1972--20%, 1973--18%, 1974--21%, 1975--29%, 1976--23%, 1977--14%, *508 1978--22%, 1979--33%, and 1980--56%. Petitioner fraudulently, with intent to evade tax, understated his taxable income and income tax liability on his Forms 1040 and 1040A in the amounts set forth in Table 1. Table 1
Taxable Income
Tax Liability
Year
Understatement
Understatement
1972
$9,267.71
$2,616.67
1973
9,410.03
2,599.77
1974
10,371.38
3,136.14
1975
10,771.33
3,726.35
1976
11,743.55
3,852.56
1977
15,868.97
4,976.68
1978
17,798.32
6,281.17
1979
13,734.66
4,779.22
1980
1,554.64
109.00
The tax liability understatement for each year shown in table 1, supra, constitutes an underpayment of tax for that year. In order to succeed in his motion for summary judgment, respondent must "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Petitioner is deemed to have admitted under Rule 37(c), the understatements of taxable income and tax liability determined by respondent. As a result, respondent has shown that there is no genuine issue as to a material fact bearing *509 upon the deficiencies, and decision may be entered for respondent as a matter of law as to the deficiencies. As to the additions to tax under section 6653(b), [4] respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment for each for the years in issue, and that some part of each such underpayment is due to fraud. Section 7454(a); [5] Rule 142(b); e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). *510 Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), affg. a Memorandum Opinion of this Court; [6]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence ( Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978)), and by deemed admissions ( Doncaster v. Commissioner,77 T.C. 334, 337 (1981)). As to the existence of an underpayment for each of the years in issue, we conclude (and we have found) that respondent has proven this fact, based on the facts deemed admitted under Rule 37(c). As to the existence of fraud as to some part of each such underpayment, we conclude (and we have found), *511 following Doncaster v. Commissioner,supra, that the facts deemed admitted under Rule 37(c) establish the existence of such fraud in each of the years in issue. We hold for respondent. An appropriate order grantingrespondent's motion under Rule 121(a)will be issued, and decision willbe entered for respondent.
Footnotes
1. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
3. On the Form 1040 for 1975, petitioner lists as wages "under $740.00".↩
4. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩
5. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect to such issue shall be upon the Secretary. [This language reflects a 1976 amendment which does not affect the instant case.]↩
6. T.C. Memo. 1966-81↩.