**Scott L. HOUSE and Cynthia L. House, Plaintiffs,**

**v.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**No. G83–930 CA7.**

United States District Court, W.D. Michigan, S.D.

Aug. 3, 1984.

Scott L. House, in pro per.

John A. Smietanka, U.S. Atty. by Julie Ann Woods, Asst. U.S. Atty., Grand Rapids, Mich., Seth G. Heald, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## OPINION RE MOTION FOR SUMMARY JUDGMENT

HILLMAN, District Judge.

Plaintiffs bring this action pursuant to 26 U.S.C. § 6703(c)(2) challenging the assessment of an income tax penalty against them with respect to their 1982 income tax return.[1]

Plaintiffs, Scott and Cynthia House, filed a 1982 Form 1040 joint income tax return dated March 30, 1983. This form was accompanied by four W–2 wage and tax statements for 1980. The only information provided on the form was plaintiffs' city and state of residence, their signatures, and the date. No information was provided on any of the 71 numbered lines. On 28 of these lines, as well as on those requesting the names, street address, social security numbers, and occupations of the filers, there appears an asterisk referring to the following message in the right margin of each page of the form:

> "This means specific objection is made under the 5th Amendment, U.S. Constitution. Similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th Amendments for civil issues."

At the top of each page of the form appears the following: "I offer to amend or re-file this return exactly as you wish it, if you will please show me how to do so without waiving my Constitutional rights." In addition, the following message appears in the right margin of the second page of the form:

> "I do not understand this return nor the laws that may apply to me. Signature is involuntarily given under threat of statutory punishment and has not been given freely as to admission of requirement to file this form. I request complete immunity per 18 USC 6002 & 6004 before waiving any Constitutional or natural rights, including the Fifth Amendment guarantee of not being a witness against myself."

Pursuant to 26 U.S.C. § 6702, the Internal Revenue Service declared their return to be frivolous within the meaning of the statute and assessed a civil penalty of $500 against both plaintiffs.[2] In accordance with 26 U.S.C. § 6703(c)(1), plaintiffs paid 15% of the penalty and filed a claim for refund of that amount with the Internal Revenue Service. This claim was denied. Plaintiffs then brought this action challenging the assessment of the penalty. 26 U.S.C. § 6703(c)(2).

Presently before the court is defendant's motion for summary judgment. On a motion for summary judgment, the movant bears the burden of showing conclusively that no genuine issue of material fact exists, and that the moving party is entitled to summary judgment as a matter of law. *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979); *Tee-Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193 (6th Cir.1974); Fed.R. Civ.P. 56(c). In determining whether there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in [the affidavits, attached exhibits and depositions] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). A court may not resolve disputed questions of fact in a summary judgment decision. If a disputed question of fact remains, the district court

---

**1.** Plaintiffs assert in their complaint that an action challenging the assessment of the penalty is provided for by 26 U.S.C. § 6702. An examination of the statute, however, reveals that section 6702 lists the criteria for finding a tax return to be frivolous and authorizes the assess-

ment of the penalty. Section 6703 authorizes a suit challenging the assessment of that penalty.

**2.** Section 6702 provides for the assessment of a civil penalty for a tax return deemed to be frivolous within the criteria listed in the statute.

should deny the motion and proceed to trial. *United States v. Articles of Device*, 527 F.2d 1008, 1011 (6th Cir.1976).

In support of its motion for summary judgment, defendant asserts that plaintiffs' fifth amendment claim is spurious, that their purported return is frivolous within the meaning of section 6702, and that the penalty was properly assessed as a matter of law.

Plaintiffs advance several arguments opposing this motion. First, they claim that the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), which added sections 6702 and 6703 to the Internal Revenue Code, is unconstitutional because it violates the origination clause of article I, section 7 of the United States Constitution. Second, they claim that section 6702 is unconstitutional and void for vagueness because it provides no guidance as to the meaning of the word "frivolous" as used in the statute. Third, they argue that the provision of section 6703 requiring partial payment of the penalty before allowing taxpayers to contest its assessment violates plaintiffs' right to due process guaranteed by the fifth amendment to the United States Constitution. Finally, in direct opposition to the motion, plaintiffs assert that their fifth amendment self-incrimination claim is legitimate and that, therefore, their return is not frivolous within the meaning of section 6702.

For the following reasons, I am satisfied that plaintiffs' challenges to the constitutionality of TEFRA generally and the pertinent statutory provisions specifically are without merit, that plaintiffs' purported return is frivolous within the meaning of section 6702, and that the civil penalty was properly assessed.

Section 6702 of the Internal Revenue Code provides:

"§ 6702. Frivolous income tax return

(a) Civil penalty.—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individual shall pay a penalty of $500."

This section was added to the Internal Revenue Code by section 326(a) of TEFRA, Public Law No. 97–248.

Plaintiffs first assert that TEFRA is unconstitutional because it was passed in violation of the origination clause of article I, section 7 of the United States Constitution. That clause provides: "All Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills."

Most of the provisions of TEFRA were first introduced in the United States Senate as an amendment to a House-sponsored bill (H.R. 4961). However, TEFRA was not a Senate-sponsored bill. The United States District Court for the Eastern District of Michigan confronted precisely this claim and concluded:

"... the Court finds that the Act did originate in the House of Representatives. Nothing in the relevant clause indicates that the Senate may not amend a revenue raising bill by a wholesale substitution of the text of that bill. See *Flint v. Stone Tracey Co.*, 220 U.S. 107 [31 S.Ct. 342, 55 L.Ed. 389] [3 AFTR 2834] (1911) .... Therefore, the court concludes that the Tax Equity and Fiscal Responsibility Act of 1982 was enacted in accordance with Art. I, § 7, cl. 1 of the United States Constitution."

*Frent v. United States*, 571 F.Supp. 739, 742 (1983). Likewise, I am satisfied that TEFRA does not violate the origination clause of the United States Constitution.

■ Plaintiffs next assert that 26 U.S.C. § 6702 is unconstitutionally vague because it provides no guidance as to the meaning of the word "frivolous" as used in the statute. This challenge on vagueness grounds lacks merit for two reasons. First, I am satisfied that "frivolous" is a word in common usage, clear in its meaning, and its use in section 6702 does not make the statute unconstitutionally vague. Second, the statute's application to plaintiffs' conduct in the instant case is sufficiently clear that they lack standing to challenge it for vagueness.

■ A statute is void for vagueness when it forbids or requires the doing of an act in terms so vague "that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Zwickler v. Koota,* 389 U.S. 241, 249, 88 S.Ct. 391, 396, 19 L.Ed.2d 444 (1967), *quoting Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). As the Sixth Circuit has stated, when a statute does not concern criminal conduct or first amendment freedoms, "the court must be fairly lenient in evaluating a claim of vagueness." *Doe v. Staples,* 706 F.2d 985, 988 (6th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1301, 79 L.Ed.2d 701 (1984). "No word has an intrinsic content. It gets meaning and contour from its context, from its association, and from its commonly understood usage." *McAlpine v. Reese,* 309 F.Supp. 136, 138–139 (E.D.Mich.1970). The Eighth Circuit has also stated that the requirement of reasonable certainty "does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding." *Horn v. Burns and Roe,* 536 F.2d 251, 255 (8th Cir.1976). Accordingly, the Sixth Circuit has described the standard of vagueness in statutes not involving criminal conduct or first amendment freedoms as follows:

> " [T]o constitute a deprivation of due process, it must be "so vague and indefinite as really to be no rule or standard at all." *A.B. Small Co. [v. American Sugar Refining Co.],* 267 U.S. [233] at 239,

45 S.Ct. [295] at 297 [69 L.Ed. 589] (1925). To paraphrase, uncertainty in this statute is not enough for it to be unconstitutionally vague; rather, it must be substantially incomprehensible.' "

*Doe v. Staples,* 706 F.2d at 988, *quoting Exxon Corp. v. Busbee,* 644 F.2d 1030, 1033 (5th Cir.), *cert. denied,* 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). *Webster's Third New International Dictionary* defines "frivolous" as "of little weight or importance: having no basis in law or fact."

In light of the foregoing, I find that 26 U.S.C. § 6702 is not rendered "substantially incomprehensible" by a lack of specific guidance as to the meaning of the word "frivolous" and, therefore, is not unconstitutionally vague as applied in the instant case.

Second, the Supreme Court has stated that "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974). It is well settled that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Likewise, when the constitutionality of a statute is challenged, "it is the court's obligation in determining validity not to destroy but to construe it, if possible, consistently with the will of the legislature ...." *Kay v. Austin,* 621 F.2d 809, 812 (6th Cir.1980).

The legislative history of section 6702 makes clear that Congress intended the statute to apply to conduct like plaintiffs' in the instant case. The section was added to the Internal Revenue Code because of concern over the growth of deliberate defiance of the tax laws by tax protesters. Its legislative history provides specific examples of situations meeting the criteria for a frivolous tax return listed in section 6702 and warranting assessment of the penalty. One of these examples is where an individual files "a 'return' in which many or all of

the line items are not filled in except for references to spurious constitutional objections." *See* Senate Report No. 494, 97th Congress, 2d Session, at 278, U.S.Code Cong. & Admin.News 1982, pp. 781, 1024. This example closely parallels the situation in the instant case.

In addition, courts have long used the word "frivolous" to describe certain positions taken by tax protestors. In *Lonsdale v. Commissioner of Internal Revenue,* 661 F.2d 71 (5th Cir.1981), the court dismissed the appellants' constitutional objections and stated flatly: "Appellants' contentions are stale ones, long settled against them. As such they are frivolous." *Lonsdale,* 661 F.2d at 72. In *United States v. Evanko,* the Sixth Circuit dismissed a claim similar to that in the instant case under its Rule 9 which allows dismissal if, *inter alia,* "the appeal is frivolous and entirely without merit." *Evanko,* 604 F.2d 21, 22, n. 1 (6th Cir.1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 685, 62 L.Ed.2d 657 (1980). The Supreme Court has stated that "a self-incrimination claim against every question on the tax return, or based on the mere submission of the return, would be virtually frivolous." *Albertson v. SACB,* 382 U.S. 70, 79, 86 S.Ct. 194, 199, 15 L.Ed.2d 165 (1965). *See also United States v. Daly,* 481 F.2d 28, 30 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Porth,* 426 F.2d 519, 523 (10th Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970); *Porth v. Brodrick,* 214 F.2d 925, 926 (10th Cir.1954); *Cupp v. Commissioner of Internal Revenue,* 65 T.C. 68, 79–81 (1975), *aff'd,* 559 F.2d 1207 (3d Cir.1977).

■ Therefore, I am satisfied that, in light of the statute's legislative history, the use of the word "frivolous" by the courts, and the commonly understood meaning of the word, the provisions of section 6702

clearly apply to plaintiffs' conduct. As such, plaintiffs lack standing to challenge the statute as unconstitutionally vague.

■ Plaintiffs next assert that the provision of section 6703 requiring partial payment of the penalty before allowing a taxpayer to contest its assessment violates plaintiffs' right to due process guaranteed by the fifth amendment to the United States Constitution.[3] This claim likewise is without merit. Plaintiffs have not been denied access to judicial review. Where important government interests, such as prompt collection of revenue, are at stake, statutory procedures for refund claims from the Internal Revenue Service and for challenging the assessment of the penalty in a court action are sufficient to satisfy the fifth amendment's due process requirements. *See Bob Jones University v. Simon,* 416 U.S. 725, 746–747, 94 S.Ct. 2038, 2050–2051, 40 L.Ed.2d 496 (1974); *United States v. Evanko,* 604 F.2d at 23; *Riley v. Commissioner of Internal Revenue,* 566 F.Supp. 21, 24 (S.D.Ohio 1983); *Fritz v. United States,* 51 AFTR 2d 83–948, 83–950 (S.D.Ohio 1982).

*Bob Jones University, supra,* involved the revocation of the plaintiff's tax-exempt status by the Internal Revenue Service, thereby requiring the plaintiff to pay taxes.[4] The Supreme Court noted that the plaintiff could pay

"an installment of FICA or FUTA taxes, exhaust the Service's internal refund procedures, and then bring suit for a refund. These review procedures offer petitioner a full, albeit delayed, opportunity to litigate the legality of the Service's revocation of tax-exempt status . . . ."

*Bob Jones University,* 416 U.S. at 746, 94 S.Ct. at 2051. Such partial payment followed by redress to an agency refund procedure and then to judicial review closely

---

**3.** Plaintiffs assert in their complaint that the provision requiring partial payment of the penalty before a challenge to its assessment may be brought is found in section 6702. An examination of the statute, however, reveals that such a provision is found in section 6703.

**4.** 26 U.S.C. § 6671 provides that any reference to "tax" in the Internal Revenue Code shall be deemed to refer to penalties as well as to the imposition of taxes. *See, e.g., Riley v. Commissioner of Internal Revenue,* 566 F.Supp. 21, 23 (S.D.Ohio 1983). Therefore, relevant principles apply equally to both.

parallels the procedures available to plaintiffs in the instant case under section 6703.

*Fritz, supra,* involved a $500 civil penalty assessed pursuant to 26 U.S.C. § 6682 for supplying false information with respect to withholding. The court's conclusion in *Fritz* applies here as well: "[I]t is clear that plaintiffs' due process rights are not violated as long as they have the right to judicial review in an action for a refund." *Fritz,* 51 AFTR 2d at 83–950. Section 6703 similarly provides for post-assessment judicial review; in fact, plaintiffs here pursued both the agency refund procedure and this action. Accordingly, I find that plaintiffs' right to due process, guaranteed by the fifth amendment, has not been violated by the partial payment requirement of section 6703.

There remains the question of whether there is any genuine issue of material fact with respect to the propriety of the penalty assessed against the plaintiffs. Defendant asserts that plaintiffs' fifth amendment self-incrimination claim is spurious and that their purported return is frivolous within the meaning of section 6702 as a matter of law.

■ Plaintiffs provided no information on the numbered lines of their 1982 Form 1040 and provided wage and tax statements for 1980 instead of those for 1982. They claim that the government compelling them to provide the information requested on the form violates their right against self-incrimination guaranteed by the fifth amendment. This claim likewise is without merit. I am satisfied that plaintiffs' 1982 income tax return is frivolous within the meaning of section 6702 as a matter of law and that, therefore, the civil penalty was properly assessed.

Plaintiffs' failure to provide any information with respect to income, deductions, or tax clearly meets the criterion of section 6702(a)(1)(A) in that their return did not contain "information on which the substantial correctness of the self-assessment may be judged."

Additionally, I find that plaintiffs' fifth amendment claim amounts to a frivolous

position within the meaning of section 6702(a)(2)(A) for two reasons. First, plaintiffs' failure to provide any financial information of any kind on their Form 1040 amounted to a failure to file a tax return. Such a failure to file cannot be justified under the fifth amendment. Second, plaintiffs' claim is purely hypothetical and, therefore, not a valid fifth amendment claim at all.

The Sixth Circuit, in accord with at least six other circuits, has repeatedly held that "a tax return which contains no information from which tax liability can be calculated does not constitute a tax return within the meaning of the Internal Revenue Code." *United States v. Heise,* 709 F.2d 449, 451 (6th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 285, 78 L.Ed.2d 262 (1983). *See also United States v. Mosel,* 738 F.2d 157 (6th Cir.1984); *United States v. Mundt,* 666 F.2d 1029 (6th Cir.1981); *United States v. Evanko,* 604 F.2d at 23. In *Heise, supra,* the defendant had asserted the fifth amendment privilege against self-incrimination "on such a wholesale basis as to deny the Internal Revenue Service any information with respect to his income." *Heise,* 709 F.2d at 451. The court concluded that this "failure to provide the proper financial data on his tax return amounted to a total failure to file a return. This cannot be justified under the fifth amendment." *Id.* This is because "the privilege [against self-incrimination] does not justify an outright refusal to file an income tax return. *United States v. Sullivan,* 274 U.S. 259 [47 S.Ct. 607, 71 L.Ed. 1037] ...." *Id.* at 450. Likewise, I find that plaintiffs' refusal to provide any financial information on their 1982 Form 1040 amounted to a total failure to file a return. As indicated above, failure to file a tax return is not justified under the fifth amendment.

Second, while plaintiffs generally claim that the requirement to provide the information requested on the tax form violates their fifth amendment privilege against self-incrimination, they fail to present any facts raising a genuine issue that they may actually be exposed to a real hazard of

incrimination by providing such information. Rather, they merely hypothesize how the information could theoretically be used against any individual.

The Supreme Court has held that the fifth amendment privilege against self-incrimination can be invoked only where an individual "is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." *Marchetti v. United States*, 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968). *See also United States v. Apfelbaum*, 445 U.S. 115, 128, 100 S.Ct. 948, 956, 63 L.Ed.2d 250 (1980). The Eighth Circuit has also specifically held that the privilege does not excuse a taxpayer's blanket refusal to answer any questions on his tax return relating to income without some reasonable showing as to how such disclosure could possibly incriminate him. *United States v. Daly*, 481 F.2d 28 (8th Cir.), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). Plaintiffs' purely hypothetical claim does not meet this standard and thus has no basis in law. As such, it is not a valid fifth amendment claim at all and is among those positions taken by tax protestors that have long been labeled "frivolous" by the courts. Accordingly, I find as a matter of law that plaintiffs' fifth amendment claim amounts to a frivolous position within the meaning of 26 U.S.C. § 6702(a)(2)(A).

In summary, plaintiffs' claims of unconstitutionality as to the Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. §§ 6702 and 6703 are without merit. Plaintiffs' return meets the criterion of section 6702(a)(1)(A) in that it does not contain information from which its substantial correctness may be judged. Plaintiffs' fifth amendment claim amounts to a frivolous position within the meaning of section 6702(a)(2)(A), both because the fifth amendment cannot be used to justify a total failure to supply any financial information on a tax return, and because the purely hypothetical nature of their claim makes it invalid. Accordingly, I find that no genuine issue of material fact exists and that defendant is entitled to summary judgment as a matter of law.