787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SCOTT L. HOUSE; CYNTHIA L. HOUSE, Plaintiffs-Appellants
v.
UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE,
Defendants-Appellees.
 84-1667
 United States Court of Appeals, Sixth Circuit.
 3/10/86
 
 AFFIRMED
 W.D.Mich., 593 F.Supp. 139
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the 6th Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Scott and Cynthia House are appealing the district court's summary judgment dismissing their action to recover a portion of a $500.00 fine paid pursuant to 26 U.S.C. Sec. 6702. This statute authorizes the Internal Revenue Service to levy a fine on tax payers who file a frivolous income tax return. The income tax return in question was filed by the appellants in 1982. Basically, the appellants asserted the 5th amendment privilege to each question. The return also contained a statement revealing an intention to amend the return if doing so would not waive their constitutional rights. In addition, the appellants noted that their signatures were given involuntarily, and they requested immunity under 18 U.S.C. Sec. 6002 and Sec. 6004.
 
 
 3
 On appeal, the appellants contend that the district court erred in entering a summary judgment. They argue that there was a genuine issue of fact regarding their right to assert the 5th amendment privilege. In addition, they argue Sec. 6702 improperly restrains their right to petition the government for redress. Finally, the appellants argue that Sec. 6702 is unconstitutionally vague.
 
 
 4
 The district court properly entered a summary judgment. The blanket assertion of the 5th amendment privilege rendered the appellants' tax return frivolous. Heitman v. United States, 753 F.2d 33 (6th Cir. 1984); Brennan v. CIR, 752 F.2d 187 (6th Cir. 1984).
 
 
 5
 The argument that Sec. 6702 impermissibly restrains the appellants' right to petition the government for redress is a frivolous argument. The very fact that this case is before the court refutes this contention. See Milazzo v. United States, 578 F. Supp. 248 (S.D. Cal. 1984); Bearden v. CIR, 575 F. Supp. 1459 (D. Utah 1983).
 
 
 6
 The void for vagueness argument is likewise unconvincing. Prohibiting language in a statute must be in terms that the ordinary person exercising common sense can sufficiently understand. Civil Service Commission v. National Assn. of Letter Carriers, 413 U.S. 548, 579 (1973). When used in the context of Sec. 6702, 'frivolous' is clear enough to apprise one of the behavior that is prohibited. See Rowe v. United States, 583 F. Supp. 1516 (D. Del.), aff'd, 749 F.2d (3d Cir. 1984).
 
 
 7
 Accordingly, the judgment of the district court should be affirmed pursuant to Rule 9(d)(3), Rules of the 6th Circuit.