798 F.2d 1415
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas C. REEVES, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 85-5513.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1986.
 
 Before LIVELY, Chief Judge, and KENNEDY and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals from an order granting summary judgment for the Commissioner in this action for income tax refund. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that plaintiff filed an income tax return for the fiscal year 1982-1983 on which he refused to pay or disclose his tax liability on Fourth and Fifth Amendment grounds. He failed to supply any information from which his tax liability could be determined.
 
 
 3
 The Internal Revenue Service (IRS) found the return was frivolous and imposed a $500 penalty under 26 U.S.C. § 6702. Plaintiff paid 15% of the penalty and filed suit for a refund in the district court under 26 U.S.C. § 6703. The complaint alleged that plaintiff's refusal to provide financial data was protected by the Fifth Amendment.
 
 
 4
 The Government moved for summary judgment and for the award of costs and attorney's fees. Upon consideration the district court granted summary judgment for the Government, The court denied the Government's motion for costs and attorney's fees but warned the plaintiff not to pursue his claim any further.
 
 
 5
 This appeal followed. The Government requests imposition of double costs and attorney's fees as a sanction for the appeal.
 
 
 6
 On appeal, the plaintiff presents three basic arguments:
 
 
 7
 1. That he may assert the Fifth Amendment right against self-incrimination to prevent disclosure of his financial affairs;
 
 
 8
 2. That his tax return, which included no information as to his finances, was a valid return under 26 U.S.C. § 6011; and
 
 
 9
 3. That the Commissioner's assessment of a $500 penalty under 26 U.S.C. § 6702 was improper.
 
 
 10
 Plaintiff's first two arguments are clearly without merit. The rule is well-established in this Circuit that the Fifth Amendment may not be used to withhold information on a tax return. United States v. Heise, 709 F.2d 449, 451 (6th Cir.), cert. denied, 464 U.S. 918 (1983). Secondly, the failure to provide any financial information in a tax return is tantamount to failure to file any return at all. Heise, supra; United States v. Evanko, 604 F.2d 21, 23 (6th Cir. 1979), cert. denied, 444 U.S. 1024 (1980). Because the plaintiff's substantive objections are groundless, it was proper for the IRS to assess a civil penalty under Section 6702.
 
 
 11
 The Commissioner has requested an award of costs and attorney's fees on appeal under Rule 38, Federal Rules of Appellate Procedure. This Court has recently indicated its disapproval of frivolous appeals in tax protestor cases and its intention to impose Rule 38 sanctions. See, e.g., Martin v. Commissioner of Internal Revenue, 756 F.2d 38 (6th Cir. 1985); Martin v. Commissioner of Internal Revenue, 753 F.2d 1358 (6th Cir. 1985); Perkins v. Commissioner of Internal Revenue, 746 F.2d 1187 (6th Cir. 1984). Plaintiff's complaint and appeals are frivolous and assert positions which have been uniformly rejected by this Court and other courts. Moreover, the district judge expressly cautioned plaintiff not to pursue his frivolous case any further. Under these circumstances, the award of double costs and attorney's fees is appropriate.
 
 
 12
 Accordingly, it is ORDERED that the district court's order is affirmed. Sixth Circuit Rule 9(d) (3). It is further ORDERED that defendant's request for imposition of double costs and attorney's fees is granted. Rule 38, Federal Rules of Appellate Procedure.