**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stanley GRUMKA, Defendant-Appellant.**

**No. 83–1550.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 25, 1984.

Decided March 5, 1984.

Miriam L. Siefer, Federal Defender Office, Leroy Soles (argued), Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Richard L. Delonis, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellee.

Before ENGEL, KRUPANSKY and WELLFORD, Circuit Judges.

PER CURIAM.

Defendant, Stanley Grumka, appeals his jury conviction for the willful failure to file income tax returns in 1979 and 1980 (Counts One and Three) and the willful filing of false withholding exemption certificates with his employer on May 11, 1980 and April 29, 1981 (Counts Two and Four) in violation of 26 U.S.C. §§ 7203[1] and 7205,[2] respectively. Grumka was sentenced to concurrent sentences of nine months on Counts One and Two. He was also sentenced to concurrent sentences of nine months on Counts Three and Four, to run consecutively with the sentence imposed on Counts One and Two.

Grumka, a General Motors employee, filed valid withholding exemption certificates (W–4 forms) claiming one exemption from 1959 to 1976. From 1977 to 1981, Grumka filed W–4 forms claiming total exemption from federal income taxes. Gener-

---

1. 26 U.S.C. § 7203 provides:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution. In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is no addition to tax under section 6654 or 6655 with respect to such failure.

2. 26 U.S.C. § 7205 provides:

Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both.

al Motors, after initially challenging Grumka's actions, nevertheless ceased to withhold federal income taxes from Grumka's salary in 1978 and continued to do so through 1981. The forms filed by Grumka with General Motors in 1980 and 1981 are the subject matter of Counts Two and Four of the indictment.

Grumka did not file income tax returns in 1979 and 1980, the subject matter of Counts One and Three of the indictment. The evidence at trial revealed that Grumka had filed timely tax returns from 1972–1975. In early 1977, Grumka filed a protest tax return for the year 1976 containing his name, address, occupation, social security number, exemptions, and the amount of refund requested. In this return, Grumka did not enter dollar amounts where financial information was required but rather entered the word "none," an "asterick" or "I OBJ 5th Amend." He noted in the margin of this return that he did not understand the content of the return or the law. At this time, Grumka also submitted similar protest returns for the years 1970 through 1975, seeking to amend the legitimate tax returns he had originally filed, and to claim a refund.

The Cincinnati Service Center, in a series of letters, advised Grumka that these protest returns were invalid and that he had a legal obligation to file valid tax returns in accordance with I.R.C. §§ 6011–12. The Center also advised Grumka of the criminal sanctions under 26 U.S.C. § 7203. Grumka then filed valid tax returns for 1976 and 1977.

In 1979, Grumka filed a protest return for 1978, again invoking the Fifth Amendment regarding those questions eliciting financial information. The Center again notified Grumka that this return was invalid. Grumka responded by returning the notification letter to the Center with attachments containing refund requests.

In 1979 and 1980, however, Grumka did not file a federal tax return or any type of protest document. It was adduced at trial that Grumka owed federal income taxes for these years, having substantial earned income in each year.

On appeal, Grumka contends that the element of "willfulness" required under 26 U.S.C. §§ 7203 and 7205 had not been proved by the government; thus, the evidence adduced at trial was insufficient to support his convictions under these statutes. Specifically, Grumka argues that "he can not be guilty of willfulness" because he "truly believed [as a result of his participation in a tax movement group] that he was under no legal obligation to provide the Internal Revenue Service or his employer with anything more than he did."

The standard of review for such a contention was stated by this court in *United States v. Conti,* 339 F.2d 10, 13 (6th Cir. 1964):

> In considering a contention by an appellant that the evidence is insufficient to support a judgment of conviction, an appellate court will reverse the judgment if it is not supported by substantial and competent evidence, but will not disturb a conviction supported by such evidence. In making such a determination the court must take that view of the evidence with inferences reasonably and justifiable to be drawn therefrom most favorable to the government, without weighing the evidence or determining the credibility of witnesses. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. (Citations omitted).

Willfulness, as related to the tax statutes under which Grumka was convicted, has been defined as "a voluntary, intentional violation of a known legal duty." *United States v. Pomponio,* 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976) (per curiam).

In the instant case, the proofs presented by the government at trial in regard to Grumka's willful failure to file income tax returns and willful filing of false W–4 forms were largely circumstantial. This, however, does not constitute any basis for finding that the evidence before the trial

court was insufficient to support Grumka's convictions:

> There is no merit in defendant's criticism of the evidence on the ground that it is entirely circumstantial. Circumstantial evidence, if strong enough to convince a jury of a defendant's guilt beyond a reasonable doubt, is sufficient to take a case to the jury and sustain a verdict.

*Conti*, 339 F.2d at 12.

Moreover, it has been held that a conviction may be sustained even when proof of *willfulness* is entirely circumstantial. *See, e.g., United States v. Schiff*, 612 F.2d 73, 77–78 (2d Cir.1979); *Hellman v. United States*, 339 F.2d 36 (5th Cir.1964), *reh'g denied*.

■ The evidence at trial disclosed that Grumka had filed proper tax returns from 1972 through 1975. We find that this circumstantial evidence was sufficient to establish that Grumka knew of his legal duty to file proper tax returns and that he willfully failed to do so in 1979 and 1980 in violation of 26 U.S.C. § 7203. A defendant's prior taxpaying history is competent evidence to establish "willfulness." *See, e.g., United States v. Moore*, 627 F.2d 830, 832 (7th Cir.1980), *reh'g. denied; United States v. Francisco*, 614 F.2d 617, 618 (8th Cir.1980), *reh'g. denied; United States v. Karsky*, 610 F.2d 548, 551 (8th Cir.1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980).

In addition, the protest documents filed by Grumka and the series of letters sent to Grumka by the Cincinnati Service Center advising him that these protest documents were invalid tax returns constituted sufficient circumstantial evidence of willfulness. *See, e.g., United States v. Wade*, 585 F.2d 573, 574 (5th Cir.1979), *reh'g. denied; United States v. Francisco*, 614 F.2d at 618; *United States v. Evanko*, 604 F.2d 21 (6th Cir.1979). This case is very similar in its facts to a prior case in this court affirming the conviction of a tax protestor. *See United States v. Heise*, 709 F.2d 449 (6th Cir. 1983).

Finally, Grumka's assertion on appeal that he believed in good faith that he was under no legal obligation to pay federal income taxes is at odds with his admission at trial that he knew the Internal Revenue Service had not accepted and the Courts of the United States had not recognized his various rationales for refusing to pay income taxes. As the court in *United States v. Ware*, 608 F.2d 400, 405 (10th Cir.1979), *reh'g. denied*, noted:

> [N]either a defendant's disagreement with the law, nor his own belief that such law is unconstitutional—no matter how earnestly held—constitute a defense of good faith misunderstanding or mistake. It is the duty of all citizens to obey the law whether they agree with it or not.

*See also Karsky*, 610 F.2d at 550 ("a good faith misunderstanding of the law may negate willfulness, [but] a good faith disagreement with the law does not") and *Evanko*, 604 F.2d at 23.

■ We also find that the evidence at trial was sufficient to support Grumka's conviction under 26 U.S.C. § 7205 for the willful filing of false withholding exemption certificates. The certificates filed by Grumka in 1980 and 1981 with General Motors contained his certification that he had incurred no tax liability for the previous year and anticipated no tax liability for the current year. The evidence at trial established that Grumka had incurred tax liability for those years. The filing of protest returns similar to those filed by Grumka has been held sufficient evidence of "willfulness" in a § 7205 action. *See, e.g., United States v. Anderson*, 577 F.2d 258 (5th Cir.1978), *reh'g. denied*. Grumka's other activities, discussed in regard to his failure to file tax returns, were also clear circumstantial evidence on which the jury could rely in reaching its verdict that Grumka willfully filed false withholding certificates.

In accord with the foregoing discussion, we find that there was substantial evidence to support Grumka's conviction under Counts One through Four.

■ Grumka also contends on appeal that the prosecutor committed reversible error by injecting prejudicial and improper re-

marks in the following portions of his closing argument:

MR. DELONIS: Good morning, ladies and gentlemen: I'm going to spend a little bit of time with you this morning and in my address to you it's my endeavor to persuade you as to the proofs in this case as to what the Government contends it has proven. There is a lot of paper here but while there is a lot of documents and documentation and there has been a lot of talk about different theories and about taxes in general I think as we go along you can see that it distills itself into one essential issue as to the intent and wilfullness of the Defendant.

We will get to that in a moment or two but perhaps before really getting into it it might be well to have a few thoughts about some of the fundamental concepts that are involved just as background. Taxes, as you know, are a topic that is quite controversial. It has been controversial for hundreds and thousands of years. Taxes, that is a topic that is guaranteed to generate lively and stimulating conversations wherever people get together, wherever they sit down to talk. Taxes are a necessity, however. They are the life blood that keeps our republic operating, that keeps government at all levels functioning. Indeed Justice Oliver Wendell Holmes once wrote that taxes are what we pay for civilized society.

MR. WOODARD: Excuse me, Your Honor. I would object to this line of argument. I think this is improper.

THE COURT: Objection overruled. It's background argument. You may proceed.

MR. DELONIS: The point of that is there is a price involved for the civilization that we enjoy, the benefits we enjoy by being a civilized society and while we always don't agree on what the price should be and perhaps we may not agree on just what things that price should be devoted to purchasing or funding, that while we may not agree on those kind of specifics we ought to at least agree on the necessity of having the tax in the first place if we want the benefits of being civilized people.

So we must and we do contribute some share to the running of this society through the tax system ... Stanley Grumka knew what the law is. It's that simple. The income tax is constitutional. It's something that everybody knows and I ask him, you know, don't you think if this argument were right it would be page one news, not page one news for one day but day after day after day. If the income were suddenly tossed out, if the wage earners of this country were suddenly of a posture where their regular paycheck was not accessible to having federal income tax taken out of it what would that do to the entire revenue system that keeps the country operating, that pays for everything from the operation of the Department of Health and Human Services to our national defense.

MR. WOODARD: Excuse me. I object to that line of argument again, Your Honor.

THE COURT: Objection overruled.

MR. DELONIS: If there was some legitimacy to that theory that would jeopardize the running of the government, that would indeed be page one news if that theory had any validity to it. If that were the law that would be page one news and everybody would know about it, but it's not.

We find nothing unduly prejudicial in these remarks, which were essentially background material and/or designed to address Grumka's "good faith" argument that he misunderstood the federal tax laws and his obligation to pay taxes on his earned income.

For the foregoing reasons, we AFFIRM the judgment of the district court. Costs in this case are assessed against the appellant.