762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
VERNON G. HARRELL, DEFENDANT-APPELLANT.
 NO. 84-1447
 United States Court of Appeals, Sixth Circuit.
 4/30/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and HULL* District Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Vernon Harrell appealed from his jury conviction on three counts of willfully failing to file federal income tax returns for the years of 1978, 1979 and 1980, in contravention of 26 U.S.C. Sec. 7203.
 
 
 2
 From 1966 to 1978 defendant filed federal income tax returns. On March 20, 1978, he submitted to his employer a withholding statement in place of a W-4 form claiming exemption from federal withholding of tax, even though the instructions on the form indicated that he was not entitled to such an exemption because he had tax liability in 1977. As a result, no federal income tax was withheld from his paycheck. On March 15, 1979, he filed another withholding statement claiming six exemptions, and federal withholding began again. However, on May 18, 1979, defendant again changed his withholding status to 'exempt' and withholding ceased again. Thereafter, he continued to claim exemption from federal withholding.
 
 
 3
 On or about April 15, 1979, defendant requested and received an extension of time for filing his 1978 federal income tax return until June 15, 1979, but he did not file a return for that year, despite his gross income of $30,339.25. In 1979 he had a gross income of $39,890.58, but did not file a federal income tax return for that year. He had a gross income of $34,437.73 in 1980, and again he failed to file a federal income tax return. Following an investigation by the Internal Revenue Service (IRS), defendant was indicted for willfully failing to file federal income tax returns for the years 1978 through 1980, and was brought to trial.
 
 
 4
 At the commencement of the trial, defendant moved in limine to exclude evidence that he had failed to pay taxes and had filed withholding statements. Defendant argued that since he had not been charged with failure to pay tax or with filing false withholding statements, such evidence would be unduly prejudicial and confusing to the jury. The government argued that the evidence was relevant to defendant's willfulness. The court tentatively granted the defendant's motion for the reason that wilfulness was not at issue. Defense counsel, however, joined the issue of willfulness in his opening statement. Following the defendant's opening statement, and prior to summoning the custodian of defendant's employment records, the government requested the court to reconsider its prior ruling on the motion in limine. The court reconsidered and rescinded its prior ruling because the defendant argued that he had not attempted to evade taxes and had denied willfulness. The government was then permitted to introduce evidence of defendant's withholding statements, along with the other evidence outlined above.
 
 
 5
 At the close of the government's case, the defendant moved for a judgment of acquittal, charging that the government had failed to sustain its burden of proof on the issue of willfulness. The motion was denied. The defendant then testified on his own behalf. He testified that he did not object to paying taxes or filing income tax returns, but did not file because he did not wish to forfeit his fifth amendment right to self-incrimination by signing the 1040 form under penalty of perjury. He testified that he had relied on his own legal research and the teachings of two individuals who had been convicted of tax evasion and failing to file income tax returns. Oncross-examination, defendant admitted that he did not object to signing withholding statements claiming examption from taxation, even though they were also signed under penalty of perjury; that he was a member of the Belanco tax organization, also known as the Belanco Religious Order; that he had filed protest literature with the IRS in response to its notice of criminal referral; and that he had co-signed a letter to the editor of his local paper following his indictment claiming, in part, that tax by the IRS was fraud. Following the close of all the proofs, the defendant renewed his motion for judgment of acquittal without additional argument, and the motion was again denied. The case was submitted to the jury which found the defendant guilty as charged. Defendant appealed.
 
 
 6
 Defendant advances two arguments in this appeal. First, he asserts that the trial court erred by admitting evidence of defendant's withholding statements. He contends that the W-4 forms were irrelevant because he was not charged with filing a false W-4 statement under 26 U.S.C. Sec. 7205 and that the admission of the W-4 statement was rejudicial and could have confused the jury.
 
 Fed.R.Evid. 404(b) provides:
 
 7
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 8
 Since the filing of a false W-4 form or withholding statement could form the basis of prosecution under 26 U.S.C. Sec. 7205, such evidence constitutes 'evidence of other crimes, wrongs, or acts' within the meaning of Rule 404(b). In determining the admissibility of evidence under Rule 404(b), the trial court must consider whether the evidence is admissible for any of the purposes articulated in Rule 404(b), and if so, whether the probative value of the evidence is outweighed by its prejudicial effect. Fed.R.Evid. 403; United States v. Johnson, 697 F.2d 735, 738 (6th Cir. 1983). A trial court has 'very broad' discretion regarding the admissibility of such evidence, and will not be reversed absent an abuse of that discretion. Id. at 739; see also United States v. Hamilton, 684 F.2d 380, 384 (6th Cir.) cert. denied, 459 U.S. 976 (1982).
 
 
 9
 Evidence that defendant filed false W-4 or withholding statements claiming exemption from federal withholding tax, and that he avoided the payment of tax, was relevant and probative of defendant's intent, willfulness, and motive for failing to file tax returns. United States v. Verkuilen, 690 F.2d 648, 656 (7th Cir. 1982); United States v. Bowman, 602 F.2d 160, 163 (8th Cir. 1979). Thus, the district court properly exercised its broad discretion in admitting this evidence on the issue of willfulness.
 
 
 10
 Defendant's second contention is that the trial court erred by refusing to grant his initial and renewed motions for judgment of acquittal. He asserts that the government failed to offer any evidence addressing willfulness while defendant provided evidence of 'his good faith reliance upon his own research and investigations as the basis for forming his constitutional belief for his reasons for not filing.'
 
 
 11
 A motion for acquittal under Fed.R.Crim.P. 29 tests the sufficiency of the evidence to convict. United States v. Cox, 593 F.2d 46, 48 (6th Cir. 1979). The standard for deciding such motions is whether there is sufficient evidence for a rational trier of fact to find guilt beyond a reasonable doubt. United States v. Gibson, 675 F.2d 825, 829 (6th Cir.) cert. denied, 459 U.S. 972 (1982). In making this determination, the court must view the evidence and all reasonable inferences drawn therefrom in a light most favorable to the government. Id. If the court concludes that reasonable minds might fairly find guilt beyond a reasonable doubt, then the case should be submitted to the jury.
 
 
 12
 The term 'willfully' connotes 'bad faith' or 'a voluntary, intentional violation of a known legal duty'. United States v. Pomponio, 429 U.S. 10, 12-13, 97 S.Ct. 22, 23-24, 50 L.Ed.12 (1976); United States v. Grumka, 728 F.2d 794, 797 (6th Cir. 1984). The willfulness requirement of Sec. 7203 is satisfied if there is a deliberate intent not to file returns that the taxpayer knows should be filed. United States v. Heise, 709 F.2d 449, 451, cert. denied, 104 S.Ct. 295 (1983). A conviction may be sustained even where proof of willfulness is entirely circumstantial. Grumka, 728 F.2d at 797.
 
 
 13
 The evidence adduced at trial, viewed in a light most favorable to the government, disclosed: that defendant had stopped filing returns after many years of filing; that he had simultaneously filed withholding statements claiming an exemption from withholding to which he was not entitled; that he was a member of an organization that opposed the income tax; that he had forwarded protest literature to the IRS; and that he had co-signed a published letter claiming that the income tax was fraud. Further, although defendant testified that he did not object to paying taxes or filing returns, but only to signing returns under pain and penalty of perjury, the evidence reflected that he did not pay taxes or file returns but did sign false withholding statements under pain penalty of perjury. On the basis of this evidence, a reasonable jury could conclude that defendant's failure to file was willful and, therefore, the district court properly denied his motions for judgment of acquittal. The judgment is hereby AFFIRMED.
 
 
 
 *
 Hon. Thomas G. Hull, Chief Judge, Eastern District of Tennessee, sitting by designation