UNITED STATES of America, Plaintiff,

v.

George M. HOUSE and Marion M. House, Defendants.

No. G85–23 CR.

United States District Court, W.D. Michigan.

June 7, 1985.

George M. House and Marion M. House, in pro. per.

Lowell H. Becraft, Jr., Huntsville, Ala., for defendants.

David M. Brown and Dana Boente, Dept. of Justice, Washington, D.C., for plaintiff.

## OPINION AND JUDGMENT

MILES, Chief Judge.

On March 7, 1985, George and Marion House were charged by a grand jury with willfully attempting to evade their federal income tax obligations. Marion House was indicted for violations of 26 U.S.C. § 7201 over a four year period from 1980 through 1983. George House was indicted for violations of 26 U.S.C. § 7201 over a three year period from 1980 through 1982. In each of these counts, the Houses were charged with affirmatively supplying false and fraudulent Employee Withholding Allowance Certificates (Forms W–4) to their employers, failing to make an income tax return to the Internal Revenue Service, and failing to pay the Internal Revenue Service taxes due and owing for each calendar year. Additionally, the Houses were charged by the grand jury with willfully failing to file federal income tax returns for their respective prosecution years in violation of 26 U.S.C. § 7203.

A jury trial was scheduled for May 21, 1985. On that date defendants informed the Court of their desire to waive a jury trial and to proceed with a bench trial of this matter. Accordingly, a bench trial was held on May 25, 1985. The Court's findings of fact and conclusions of law follow.

### Findings of Fact

Defendant George House was employed during the prosecution years by the Bendix Corporation. Defendant Marion House was employed during the prosecution years by the Avion Coach Corporation. When they were not employed they received unemployment compensation from the State of Michigan.

Prior to 1980 the Houses routinely filed their income tax returns in a timely manner, reported their wages consistent with the Forms W–2 supplied by their employers, and paid the appropriate amount of tax.

Beginning in 1980, defendants began filing Forms W–4 with their employers claiming exempt status from withholding tax. George House filed Forms W–4 with his employer bearing the notation "exempt" on March 17, 1980, May 14, 1982, February 9, 1983 and April 4, 1983. Marion House filed Forms W–4 with her employer bearing the notation "exempt" on April 7, 1980, May 5, 1981, July 21, 1981, May 14, 1982 and February 9, 1983.

In each year charged in the indictment the Houses failed to file federal income tax returns despite the fact that their wages were sufficient to require them to file returns.

In 1980 George House's gross income was $23,245.25. In 1981 his gross income was $23,613.59. In 1982 his gross income was $28,355.16.

In 1980 Marion House's gross income was $7,492.53. In 1981 her gross income was $15,713.60. In 1982 her gross income was $21,318.44. In 1983 her gross income was $23,300.19.

George House has $3,698.72 additional tax due and owing for 1980; $2,859.79 for 1981; and $3,755.81 for 1982.

Marion House has $677.81 additional tax due and owing for 1980; $2,246.64 for 1981; $2,651.59 for 1982; and $1,674.87 for 1983.

Both George and Marion House received ample notice of their duty to pay taxes in the years covered by the indictment. Both received W-2 forms from their employers for each of the years they are charged with tax evasion. Seven delinquency notices have been sent to George House concerning his failure to file a tax return for 1980 and 1981. Five delinquency notices have been sent to Marion House concerning her failure to file a tax return for 1981.

A $500.00 civil penalty was assessed by the I.R.S. against Marion House on December 5, 1983 for filing a false Form W-4. A $500.00 civil penalty was assessed by the I.R.S. against George House on March 7, 1983 and again on January 9, 1984 for submitting a false Form W-4.

Three letters were sent by the I.R.S. to George House in 1983 requesting him to call the office. George House did not respond.

In response to a notice from the I.R.S. dated June 3, 1983, Marion House appeared for an appointment at the I.R.S. office in Benton Harbor on June 10, 1983. She informed the I.R.S. agent that she was not required to file a tax return and refused to produce documents.

Both George and Marion House protested their obligation to pay taxes and the interference of the I.R.S. in directing their employers to withhold taxes in spite of the exempt status claimed on their W-4's.

During the years covered by the indictment the employers of George and Marion House received letters from Paul Bell of the Belanco Religious Order, a tax protest organization, on behalf of George and Marion House, claiming that the Houses, members of the Belanco organization, were exempt from taxation because they were not employees of the federal government.

George House submitted a letter to his employer dated March 10, 1983 requesting his employer to honor his exempt status as filed on his Form W-4 and directing any questions to the Belanco Organization.

In a letter dated April 4, 1983 Marion House directed her employer not to disclose any information about her to anyone, including "unconstitutional agencies" such as the I.R.S.

In a letter dated July 5, 1983 addressed to "Mr. IRS Flunkie," Marion House claimed her right to file exempt status. In an affidavit dated October 10, 1983 Marion House stated that as an "unenfranchised free person, merchant and trader" she had a right not to have her wages withheld.

Identical computer generated privacy notices were sent by George and Marion House to their employers.

After their employers began withholding taxes from their paychecks in 1983, George and Marion House endorsed a number of paychecks with the notation "Partial payment for services rendered on account persuant [sic] to my work contract."

## Conclusions of Law

The indictment charges George and Marion House with attempted tax evasion in violation of 26 U.S.C. § 7201 and with failure to file income tax returns in violation of 26 U.S.C. § 7203.

The elements of the offense of attempt to evade or defeat a tax are:

1. An affirmative attempt to evade or defeat an income tax in any manner;

2. A tax deficiency or money due and owing to the United States; and

3. Willfulness.

*Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); *United States v. Stone,* 702 F.2d 1333, 1338–39 (11th Cir.1983); *United States v. Garavaglia,* 566 F.2d 1056, 1057 (6th Cir.1977).

■ As to the first element of the offense, the evidence is undisputed that the defendants submitted Forms W–4 to their employers claiming that they were exempt from withholding taxes. To properly claim an exempt status an individual must have owed no federal tax in the year before filing the Form W–4 and must not anticipate owing any federal tax in the year of filing the Form W–4. 26 U.S.C. § 3402. In fact, defendants did owe a tax in each of the calendar years preceding the years in which they filed Forms W–4 claiming an exempt status, and they reasonably anticipated owing taxes in the years in which they filed the forms W–4 claiming an exempt status, and they reasonably anticipated owing taxes in the years in which they filed the forms W–4 claiming an exempt status. Defendants' Forms W–4 on which they claimed an exempt status were false and fraudulent. *United States v. Grumka,* 728 F.2d 794, 797 (6th Cir.1984).

■ The filing of false and fraudulent Forms W–4 is sufficient to satisfy the element of an affirmative act of evasion. The statute makes it a crime to willfully attempt, *in any manner,* to evade or defeat any income tax imposed by law. 26 U.S.C. § 7201. The filing of a false W–4 claiming exempt status has the effect of substantially reducing or eliminating, without legal justification, the amount of tax withheld from wages. In combination with defendants' failure to file income tax returns and pay the tax due, the act of filing false Forms W–4 is an affirmative act of evasion.

The second element of the offense is a tax deficiency. The evidence at trial disclosed that George House had tax due and owing in 1980, 1981 and 1982. The evidence disclosed that Marion House had tax due and owing in 1980, 1981, 1982 and

1983. The government met its burden of proving the second element of the offense.

■ The third element of the offense is willfulness. For the attempt to evade or defeat the tax to be willful it must be an attempt made voluntarily and intentionally, and with the intent to keep from the government a tax imposed by the income-tax laws, which it was the legal duty of the defendants to pay and which the defendants knew was their legal duty to pay. 2 Devitt & Blackmar § 35.04. In connection with this offense, willful means a "voluntary, intentional violation of a known legal duty." *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976).

■ The conduct of defendants was not willful if they acted through negligence, gross negligence, inadvertence or mistake, or due to their good faith misunderstanding of the requirements of the law. *United States v. Aitken,* 755 F.2d 188, 191 (1st Cir.1985); *United States v. Burton,* 737 F.2d 439, 442 (5th Cir.1984); *United States v. Grumka,* 728 F.2d 794, 797 (6th Cir. 1984). However, "neither a defendant's disagreement with the law, nor his own belief that such law is unconstitutional—no matter how earnestly held—constitute a defense of good faith misunderstanding of the law." *United States v. Ware,* 608 F.2d 400, 405 (10th Cir.1979), *cited with approval in Grumka,* 728 F.2d at 797. *See also, Burton,* 737 F.2d at 442.

■ The government's proofs at trial on the issue of willfulness were largely circumstantial. The government can meet its burden of proof on this issue even when proof of willfulness is entirely circumstantial. *Grumka,* 728 F.2d at 797. In *Grumka* the Court held that evidence that defendant had filed proper tax returns from 1972 through 1975 was sufficient to establish that he knew of his legal duty to file proper tax returns and that he willfully failed to do so in the years covered by the indictment. *Id.* "A defendant's prior tax-paying history is competent to establish 'willfulness.'". *Id.* *See also United*

*States v. Heise,* 709 F.2d 449, 451 (6th Cir.1983).

Protest documents filed by the defendant were also held to constitute sufficient circumstantial evidence of willfulness. *Id.* The Fifth Circuit has specifically approved the drawing of an inference that the defendant was aware of his legal obligation from acts taken in protest or to express a political view. *Burton,* 737 F.2d at 442.

In the present case the government introduced evidence that defendants filed proper returns in 1978 and 1979. Evidence was also introduced that defendants were members of Belanco, a tax protest organization, and that tax protest documents were submitted on their behalf to their employers and to the I.R.S. This is circumstantial evidence of defendants' willfulness.

In addition, the Court finds the following evidence persuasive on the issue of willfulness: defendants' submission of false Forms W–4, defendants' receipt of W–2 forms which should have alerted them to their duty to file, and defendants' failure to respond to I.R.S. inquiries concerning their failure to file tax returns.

■ Taken as a whole the evidence is proof beyond a reasonable doubt that defendants voluntarily and intentionally attempted to keep from the government a tax imposed by the income-tax laws which it was their legal duty to pay and which they knew was their legal duty to pay.

It is the Court's determination that George House is guilty of counts I, II and III, willful attempted tax evasion in violation of 26 U.S.C. § 7201. It is the Court's determination that Marion House is guilty of counts VII, VIII, IX and X, willful attempted tax evasion in violation of 26 U.S.C. § 7201. In view of the fact that defendants have both been found guilty as to all charges of attempted tax evasion, it is not necessary for the Court to consider the charges of failure to file under 26 U.S.C. § 7203 which constitute lesser included offenses. *United States v. Buckley,* 586 F.2d 498, 504 (5th Cir.1978), *cert.*

*denied,* 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1978).

Defendant George House is CONVICTED on Counts I, II and III and Marion House is CONVICTED on Counts VII, VIII, IX and X.

IT IS SO ORDERED.