916 F.2d 714
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Richard KNOWLES, Defendant-Appellant.
 No. 89-2325.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 Before WELLFORD and SUHRHEINRICH, Circuit Judges; and BELL[1], District Judge.
 PER CURIAM.
 
 
 1
 In this case, Defendant-Appellant, James R. Knowles, appeals his conviction on four counts of income tax evasion in violation of 26 U.S.C. Sec. 7201. For the following reasons, we affirm in part but remand for further proceedings.
 
 I.
 
 2
 On January 25, 1989, Knowles was charged in the United States District Court for the Western District of Michigan, in a four count indictment, each count alleging a separate violation of 26 U.S.C. Sec. 7201. Specifically, Knowles was charged with willfully attempting to evade the income taxes owed by him to the United States government for calendar years 1983, 1984, 1985 and 1986. A two day jury trial resulted in a conviction on all four counts. On Counts I and II, Knowles was sentenced to two years custody in a federal correctional institution, and on Counts III and IV, to five years probation.
 
 
 3
 Knowles now contends that the district court erred in failing to instruct the jury that his good faith belief that he was not required to pay taxes was a valid defense. Further, Knowles contends that he was denied his Sixth Amendment right to the effective assistance of counsel.
 
 
 4
 We are persuaded that the issues before this court are: 1) whether defendant-appellant's effective assistance of counsel claim is reviewable by this court; and 2) whether the district court erred in instructing the jury.
 
 II.
 
 5
 Knowles contends first that he was deprived of effective assistance of counsel at trial. Subsequent to his conviction, but prior to sentencing, Knowles filed a motion with the district court entitled "Exparte Motion for Marsden Hearing and Appointment of Counsel for the Hearing." Through this motion, Knowles sought a hearing regarding the issue of effective assistance of counsel. The government did not respond to the motion, and the district court did not rule on it.
 
 
 6
 The issue on appeal is whether this court may properly review Knowles' ineffective assistance of counsel claim given the fact that the issue has not been the subject of a ruling by the trial court. Recently this court addressed the issue and held that a review of an ineffective assistance of counsel claim may not be raised for the first time on appeal. United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989). The customary procedure is to present the issue of ineffective assistance of counsel through a proper post-conviction proceeding before the trial court, pursuant to 28 U.S.C. Sec. 2255. United States v. Hill, 688 F.2d 18, 21 (1982), cert. denied, 459 U.S. 1074 (1982). See also United States v. Pelletier, 845 F.2d 1126, 1131 (1st Cir.1988); United States v. Reveron Martinez, 836 F.2d 684, 688 (1st Cir.1988); United States v. Lopez, 728 F.2d 1359, 1363 (11th Cir.) (per curiam), cert. denied, 469 U.S. 828 (1984); United States v. Freeze, 707 F.2d 132, 138 (5th Cir.1983); United States v. Griffin, 699 F.2d 1102, 1107-09 (11th Cir.1983).
 
 
 7
 If this court were to decide to hear Knowles' claim, we would be faced with the impossible task of evaluating counsel's performance at trial, because many of the matters Knowles now raises are not part of the present record. Thus, this court has no factual record regarding trial counsel's strategy, or lack of strategy.
 
 
 8
 We find nothing in the record to suggest that it would be proper to review Knowles' claim for the first time on appeal. However, Knowles has not waived his ineffective assistance of counsel claim. He may bring the claim properly before the district court. Accordingly, this court remands, to the district court, Knowles' ineffective assistance claim for a determination and ruling.
 
 III.
 
 9
 Knowles asserts that his only defense at trial was his good faith belief that he was not required to pay income tax. Knowles contends that his trial counsel failed to request a "good faith" jury instruction, thereby depriving him of his only defense. Further, he avers, his attorney did not object to the instruction given by the trial court. Thus the issue before this court is whether the district court committed plain error in instructing the jury as it did.
 
 
 10
 The district court instructed the jury that wilfulness was an element of the offense charged, and defined the term "willfully" as used in the statute. The court went on to explain to the jury that:
 
 
 11
 ... the defendant's conduct is not willful if his conduct was due to negligence, inadvertence, or mistake, or the result of a good faith misunderstanding of the requirement of the law requiring him to pay income tax. Now, in this connection, it is for you to decide whether the defendant acted in good faith--that is, whether he sincerely misunderstood the requirements of the law--or whether he knew that he was required to pay income tax.
 
 
 12
 Upon careful review of the record, this court finds that the district court accurately stated the law in its good faith jury instruction. The district court correctly distinguished between a good faith misunderstanding of the law, which is a valid defense, and a good faith disagreement with the law, which is not a valid defense. See United States v. Grumka, 728 F.2d 794, 797 (6th Cir.1984). Accordingly, we hold that no error was committed in this section of the district court's charge and that reversal is unwarranted on this ground.
 
 IV.
 
 13
 We conclude that for the foregoing reasons, the effective assistance of counsel claim is REMANDED to the district court for a determination and ruling. The district court's judgment with regard to the "good faith" jury instruction is AFFIRMED.
 
 
 
 [1]
 The Honorable Samuel H. Bell, Judge, United States District Court for the Northern District of Ohio, sitting by designation