946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James A. BISHOP, Defendant-Appellant.
 No. 90-4077.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant James A. Bishop appeals his conviction of willful failure to file federal income tax returns for the years 1982-85 in violation of 26 U.S.C. § 7203. We find the defendant's arguments to be without merit, and we AFFIRM.
 
 I.
 
 2
 The United States alleged that Bishop had willfully failed to file federal income tax returns for the years 1982-85, despite having a gross income of approximately $93,523 in 1982, $162,678 in 1983, $96,695 in 1984, and $102,090 in 1985.
 
 
 3
 Bishop was arraigned on April 27, 1989 at which time he entered pleas of not guilty and consented to be tried before a United States magistrate judge. On this date, Bishop also filed a motion to dismiss the charges.
 
 
 4
 At a pre-trial proceeding on June 12, 1989, the magistrate judge overruled Bishop's motion to dismiss the charges and the parties set a trial date of August 14, 1989. The United States provided Bishop with discovery which consisted of 76 exhibits. Bishop had decided to represent himself in the proceedings, and filed with the court a self-representation form. On July 21, 1989, Bishop filed a second motion to dismiss which was denied on July 27, 1989.
 
 
 5
 The trial commenced before a jury on August 14, 1989. The United States' evidence consisted of numerous exhibits relating to Bishop's income and his filings with the Internal Revenue Service ("IRS") prior to 1982 and the testimony of four witnesses. Bishop did not testify nor did he offer any witnesses or exhibits. On August 15, 1989, the jury convicted Bishop on all counts.
 
 
 6
 Bishop filed a timely appeal of his convictions to the United States District Court for the Northern District of Ohio. The district judge affirmed the order of conviction. Bishop then filed a timely appeal to this Court. He raises several issues on appeal which we shall consider individually.
 
 II.
 
 7
 Bishop asserts that the United States failed to prove that he acted willfully in failing to file federal income tax returns. Willfulness, as related to 26 U.S.C. § 7203, is defined as a "voluntary, intentional violation of a known legal duty." United States v. Grumka, 728 F.2d 794, 796 (6th Cir.1984).
 
 
 8
 At trial Janet Watterson, an IRS court witness coordinator, testified and produced IRS records that showed that Bishop had filed federal income tax returns from 1965-80. A defendant's prior taxpaying history is competent evidence to establish willfulness. Id. at 795. We find that Bishop's prior returns are sufficient evidence to establish that Bishop knew of his legal duty to file federal income tax returns and that he willfully failed to file income tax returns in 1982-85.
 
 III.
 
 9
 Bishop contends that testimony pertaining to IRS records was hearsay and was improperly admitted into evidence. This contention is without merit.
 
 
 10
 Federal Rule of Evidence 803(6) provides that records kept in the course of a regularly conducted business activity are not excluded by the hearsay rule. A witness seeking to lay a foundation for the admission of business records need not have personal knowledge of the evidence contained in the records. All that isrequired is that the witness be familiar with the record keeping system. United States v. Hathaway, 798 F.2d 902, 906 (6th Cir.1986). Janet Watterson tdstified that she was employed by the IRS how the IRS keeps its records. We find no error in the admission into evidence of her testimony and the IRS records.
 
 IV.
 
 11
 Bishop argues that the magistrate judge improperly instructed the jury as to what constitutes gross income for the purpose of calculating income taxes. Bishop failed to timely object to the jury instruction, Fed.R.Crim.P. 30, so this Court's review is limited to plain error. Fed.R.Crim.P. 52(b). We find no error in the instruction.
 
 
 12
 The magistrate judge's instructions to the jury included the following:
 
 
 13
 Members of the jury, gross income for purposes of federal taxation includes, but is not limited to the following:
 
 
 14
 [ (1) ] Compensation for services rendered, including wages, fees, commissions and similar items; (2) monies paid under agreements for the lease or rental of personal property; (3) monies paid for rental of real property; (4) self-employment earnings; (5) gains derived from dealings in property; (6) earnings such as interest or dividends, whether paid by check, currency, or otherwise.
 
 
 15
 This instruction follows the definition of gross income in 26 U.S.C. § 61. Bishop asserts that wages are not income for the purposes of taxation. Beyond argument, wages are income.
 
 V.
 
 16
 Bishop argues that the United States failed to present sufficient evidence of Bishop's gross income to sustain his convictions. He claims that wages are not income and that the currency he received in exchange for his labor had no value, and therefore that the United States failed to prove he had gross income. These assertions are without merit.
 
 
 17
 The United States proved through the testimony of Laura Mathias, the payroll supervisor of Jones Motor Company, that Bishop had sufficient gross income to necessitate filing of federal income tax returns. Mathias testified that Bishop was the owner-operator of a tractor trailer leased to Jones Motor Company, and that during the years 1982-85 Bishop was paid wages and lease payments. The magistrate judge correctly instructed the jury that wages and payments for the rental of property constitute gross income, and clearly Mathias' testimony is sufficient to sustain a finding that Bishop had gross income in the years at issue.
 
 VI.
 
 18
 Bishop contends that his right to due process was denied because the magistrate judge was biased and prejudiced against him. Bishop fails to point to any evidence of this alleged bias and prejudice. This Court has reviewed the record, and does not find any due process violations. To the contrary, the magistrate judge was patient with the defendant because he was proceeding pro se.
 
 VII.
 
 19
 Bishop alleges that the United States failed to provide him with exculpatory evidence. It is well settled that the government must provide evidence requested by defendant where such evidence is material to either the defendant's guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). Bishop argues that the United States failed to disclose the decoding information necessary to make the IRS records understandable to him. Bishop fails to show, however, that this information was favorable to him or how such information could have affected the outcome of the trial. United States v. Dozier, 941 F.2d 1210 (6th Cir. Aug. 19, 1991) (a defendant has a constitutional remedy only if failure to disclose Brady evidence had a reasonable probability of depriving the defendant of a fair trial). We conclude that Bishop has not established that his rights were violated by the government's failure to provide him with information about the IRS records coding system.
 
 VIII.
 
 20
 Bishop's contention that he was denied a speedy trial in violation of the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161, is also meritless.
 
 
 21
 In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court set forth a four-part test to analyze Sixth Amendment speedy trial claims. The Court balanced (1) the length of the delay; (2) the reason for the delay; (3) whether and how the defendant asserted the speedy trial right; and (4) the amount of prejudice the defendant suffered. Id. at 530. Until a delay is so lengthy that it is presumptively prejudicial, a court will not inquire into the other factors to be balanced. Id. In this case there was no prejudicial delay. The magistrate judge set the trial date on August 14, 1989 in order to give Bishop enough time to prepare for the trial since he was proceeding pro se. Bishop agreed to the trial date and remained free on bond during the pendency of the case. Bishop fails to assert how the August 14, 1989 trial date prejudiced him, and we find that his Sixth Amendment rights were not violated.
 
 
 22
 Title 18 U.S.C. § 3161 provides that a defendant's trial shall commence within seventy days from the date the defendant appears before a judicial officer. Certain periods of delay are excluded from computing the seventy days, including the delay resulting from any pretrial motion. 18 U.S.C. § 3161(h)(1)(F). Bishop was arraigned on April 27, 1989, and Bishop filed a motion to dismiss the information for lack of jurisdiction. This motion was overruled at the June 12, 1989 pretrial proceeding. Thus, the time from April 27 until June 12 is properly excluded from the calculation of the seventy days. Bishop filed a second motion to dismiss on July 21, 1989 which was overruled on July 27, 1989, so these interim days are also properly excluded. Taking the excludable days into consideration, Bishop's trial began within seventy days after his arraignment.
 
 
 23
 Furthermore, Bishop has waived any right to dismissal of the information under the Speedy Trial Act. Section 3162(a)(2) provides that if a defendant is not brought to trial within the section 3161 time limit as extended by section 3161(h), the information shall be dismissed on motion of the defendant. Failure of the defendant to move for a dismissal prior to trial constitutes a waiver of the right to dismissal under this section. 18 U.S.C. § 3162(a)(2). By failing to assert a violation prior to this appeal, Bishop waived his right to dismissal.
 
 IX.
 
 24
 Bishop asserts that his Fifth Amendment rights were violated because testimony was offered concerning his income tax returns for years not at issue. This Court has held that under Federal Rule of Evidence 404(b), prior tax returns may be introduced to demonstrate a defendant's knowledge of the duty to file federal income tax returns United States v. Heise, 709 F.2d 449, 451 (6th Cir.), cert. denied, 464 U.S. 918 (1983). The evidence was properly admitted.
 
 X.
 
 25
 Bishop raises several arguments that the District Court had no jurisdiction to hear this case. He alleges that the United States courts have no jurisdiction over federal income tax crimes because the Constitution does not grant Congress the power to grant jurisdiction over these offenses. This argument is frivolous. United States v. McMullen, 755 F.2d 65, 67 (6th Cir.1984), cert. denied, 474 U.S. 829 (1985). Although no statute in Title 26 confers jurisdiction of tax cases on the district courts, jurisdiction generally is based upon 18 U.S.C. § 3231 which grants the district courts original jurisdiction of all offenses against the laws of the United States.
 
 
 26
 Bishop's argument that he is not a "person" within the meaning of Title 26 is likewise frivolous. When used in Title 26, the term "person" includes individuals. 26 U.S.C. § 7701(a)(1).
 
 
 27
 Bishop contends that the IRS has failed to publish general information about its organization, policies and forms in accordance with 5 U.S.C. § 552(a)(1) and claims that this failure renders the IRS's actions void. He points to no authority for his position and we find his argument to be without merit.
 
 
 28
 Bishop argues that the IRS has failed to comply with the Privacy Act, 5 U.S.C. § 552a by failing to inform the public that filing income tax returns is mandatory. The IRS Form 1040 instruction booklet informs taxpayers that they must file a return or statement with the IRS, and this notice sufficiently complies with the Privacy Act requirements. United States v. Bressler, 772 F.2d 287, 292 (7th Cir.1985), cert. denied, 474 U.S. 1082 (1986).
 
 XI.
 
 29
 Bishop alleges that the evidence used to convict him was obtained through an unconstitutional search. He is referring to a summons issued by the IRS to Jones Motor Company pursuant to 26 U.S.C. § 7602 to examine their records concerning Bishop Section 7602 authorizes the IRS to examine any papers or records which may be relevant or material to any IRS inquiry concerning the filing of a return. This authority may be exercised in criminal as well as civil investigations up to the time when the investigation is referred to the Justice Department. 26 U.S.C. § 7602(c).
 
 XII.
 
 30
 Bishop contends that the United States must assess tax liability, and because he did not receive an assessment he cannot be convicted of willful failure to file a return.
 
 
 31
 To sustain a conviction under section 7203, the evidence must show that a person who is required by law to file a return willfully fails to file such a return. 26 U.S.C. § 7203. There is no requirement that the government must show tax liability. The record clearly establishes that the United States provided ample evidence to sustain Bishop's conviction.
 
 XIII.
 
 32
 For the forgoing reasons, we find Bishop's contentions to be without merit, and we AFFIRM the District Court.