952 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin L. MORTON, Defendant-Appellant.
 No. 91-3444.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 This is a criminal tax case in which the defendant was convicted of violating 26 U.S.C. § 7203 by willfully failing to file federal income tax returns. The defendant contends on appeal that the trial court erred (1) by admitting evidence of income from illegal drug dealing, and (2) by declining to order an acquittal on the ground of insufficient evidence of willfulness. Finding neither assignment of error persuasive, we shall affirm the conviction.
 
 
 2
 * The defendant, Calvin Morton, opened a small grocery store with his wife in the late 1960s. In 1979 the business was expanded to include a barbecue-style restaurant called "Morton's Bar B Que." The restaurant closed in late 1981 or 1982.
 
 
 3
 Neither Mr. Morton nor his wife filed federal income tax returns for the years 1978 to 1982. There was evidence, however, that their net worth increased materially over that period.
 
 
 4
 Two revenue agents testified that when questioned about his failure to file returns, Mr. Morton indicated that he understood his obligation to file but thought that an accountant named Tom George had taken care of it for him. In fact, although Mr. George twice filed applications for extensions, he never filed an income tax return on the Mortons' behalf. The evidence indicated that Mr. George had requested the records necessary to prepare the returns, but never received them.
 
 
 5
 The case was tried before a magistrate and a jury. The jury found Mr. Morton guilty of willfully failing to file federal income tax returns for the years 1978 through 1982. He appealed his conviction to the district court on the grounds that the magistrate had erred in denying a motion for acquittal and in admitting evidence of income from drug dealing. The district court affirmed the conviction, and this appeal followed.
 
 II
 
 6
 The evidence showed that the Mortons had experienced difficulty in making debt payments and in meeting their real estate tax obligations until mid-1980. In the summer of 1980, however, Mr. Morton began making large purchases in cash. He bought a $60,000 boat, among other things, and paid off some of his liabilities in lump sum cash payments.
 
 
 7
 For the purpose of showing a likely source of taxable income, the government presented the testimony of one Greg Hoven, a convicted drug dealer, who said that Mr. Morton was dealing in drugs during 1980. Hoven testified that he had met with Mr. Morton on six occasions during that year. On one such occasion he gave Morton some cocaine testing equipment and discussed cocaine prices with him, Morton having said that he was considering buying cocaine. On another occasion Hoven took a pound of marijuana from Morton as a sample of a larger quantity Morton was trying to sell.
 
 
 8
 Hoven's testimony was admitted, over objection, notwithstanding the witness' inability to identify Morton at the trial and notwithstanding the potentially prejudicial effect of the testimony. The magistrate concluded that the government's evidence was sufficient to permit the inference that the "Calvin Morton" with whom Mr. Hoven had dealt was the same Calvin Morton who was on trial. The magistrate further concluded that there was no potential for unfair prejudice that could not be cured by an appropriate instruction to the jury.
 
 II
 
 9
 Mr. Morton contends on appeal that the magistrate erred in admitting Hoven's testimony because its probative value was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed.R.Evid. 403. Rule 403 gives the trial court discretion to admit potentially prejudicial evidence as long as it is relevant, however, and "[a]ppellate court review of this discretion is limited. We must look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Zipkin, 729 F.2d 384, 389 (6th Cir.1984).
 
 
 10
 The magistrate was aware of the potential for unfair prejudice, and he expressly warned the government of the possibility of a mistrial. There proved to be no need of a mistrial, as things developed, notwithstanding Hoven's failure to recognize Mr. Morton at trial.
 
 
 11
 In describing the place where he had met Mr. Morton, Hoven gave an accurate description of Morton's Bar B Que. In stating where Morton had stored the sample pound of marijuana, similarly, Hoven gave an accurate description of Morton's car. The government also showed that Hoven had in fact made telephone calls to Morton's Bar B Que.
 
 
 12
 The evidence of Morton's drug dealing was highly relevant, of course, in that it showed both a source of taxable income and an additional motive for failing to report such income. It is true that the evidence could have had a prejudicial effect insofar as it described criminal behavior for which Mr. Morton was not on trial, but the magistrate gave an appropriate cautionary jury instruction. The content of the instruction has not been challenged, and we are not prepared to assume that the jury was unable or unwilling to follow the instruction.
 
 
 13
 It is generally permissible, in a criminal tax prosecution, for the government to show unreported income from illegal sources. Solomon v. Commissioner, 732 F.2d 1459 (6th Cir.1984). Here there was clearly sufficient evidence for a reasonable jury to conclude that Morton had received unreported taxable income. Viewing the situation in the light most favorable to the government, we cannot say that the probative value of the evidence was outweighed by unfair prejudice. The magistrate did not abuse his discretion by admitting the testimony and refusing to declare a mistrial.
 
 
 14
 Mr. Morton also contends that the magistrate erred in not concluding that the government had failed as a matter of law to show that the failure to file returns was willful. Because he lacks formal education and relied on others to handle his financial affairs, Morton argues, there was not sufficient evidence to warrant submission of the willfulness issue to the jury.
 
 
 15
 "In deciding whether evidence is sufficient to withstand a motion for acquittal, we must view the evidence and all reasonable inferences in the light most favorable to the government. If the evidence is such that we conclude that a reasonable mind might fairly find guilt beyond a reasonable doubt, the issue is one for the jury." United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972 (1982).
 
 
 16
 To prove willfulness, the government had to prove "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." Cheek v. United States, 498 U.S. ----, 111 S.Ct. 604, 610 (1991). There was ample evidence in this case to support a finding that Mr. Morton was under a duty to file returns. There was evidence, moreover, that when interviewed by two revenue agents, Morton indicated that he understood his obligation to file the returns and thought that Tom George had filed them on his behalf. Mr. George, on the other hand, testified that he never told the Mortons he had filed a return and that he was unable to prepare any returns because Mr. Morton and his wife never gave him the necessary data.
 
 
 17
 The jury was entitled to believe the special agents' testimony that Morton knew of his legal duty to file returns. The jury was likewise entitled to believe Mr. George's testimony and to infer from it and the other evidence presented that Mr. Morton had voluntarily and intentionally violated the duty to file. "[A] conviction may be sustained even when proof of willfulness is entirely circumstantial." United States v. Grumka, 728 F.2d 794, 797 (6th Cir.1984) (emphasis in original).
 
 
 18
 In addition to the evidence already described, there was evidence that Morton had twice filed returns claiming refunds and that he had once caused his wife to sign a joint return that he had arranged to have prepared. Evidence that the defendant had filed returns in the past is sufficient to support a finding of willfulness with respect to subsequent years for which no returns were filed. Grumka, 728 F.2d at 797. If it believed the government's evidence, the jury could reasonably have inferred that Mr. Morton ignored his duty to file federal income tax returns from 1978 to 1982 despite knowledge that he had a duty to file such returns.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky sitting by designation