30 F.3d 135
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack R. WHEELER, Defendant-Appellant.
 No. 94-5021.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1994.
 
 M.D.Tenn., No. 93-00046, Echols, J.
 M.D.Tenn.
 AFFIRMED.
 BEFORE: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Jack R. Wheeler appeals his convictions and sentence on four counts of failing to file federal income tax returns, in violation of 26 U.S.C. Sec. 7203. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Wheeler of failing to file his tax returns for the years 1986, 1987, 1988 and 1989. On December 3, 1993, the district court sentenced Wheeler to a term of four months of imprisonment, four months of home detention and one year of supervised release. The court also ordered him to pay $75,541.85 in restitution.
 
 
 3
 Wheeler's attorney has filed a motion to withdraw with a supporting brief as prescribed by Anders v. California, 386 U.S. 738, 744 (1967). Initially, we conclude that this motion is well taken, as counsel has reviewed the record for possible errors and has concluded that only frivolous issues exist in this appeal. In his response, Wheeler states that he has no objection to the motion to withdraw, although he requests that new counsel be appointed to represent him.
 
 
 4
 The Anders brief contains a request by counsel for oral argument. It is this court's policy to allow oral argument when it is requested by counsel. However, counsel's request will be denied in the instant case because it is at odds with his Anders brief, which clearly states that there are no non-frivolous issues to appeal.
 
 
 5
 An individual will be guilty of a misdemeanor if he is required to file a federal tax return and "willfully" fails to do so. 26 U.S.C. Sec. 7203. Counsel suggests that Wheeler may argue that there was insufficient evidence on the element of willfulness to support his convictions. In determining whether there has been a constitutional error regarding the sufficiency of the evidence, we must view the evidence in a light most favorable to the prosecution and decide whether any rational trier of fact would accept it as establishing each of the essential elements of the offense. United States v. Hilliard, 11 F.3d 618, 620 (6th Cir.1993), cert. denied, 114 S.Ct. 1099 (1994).
 
 
 6
 In the present case, Wheeler's own testimony indicates that he received income from 1986 through 1989. Wheeler also testified that he had not filed federal tax returns for the cited years because he believed that the tax laws were unconstitutional, even though he had filed proper returns in other years. In addition, Wheeler admitted that IRS representatives "always told me that my position was wrong." Nevertheless, Wheeler argues that he did not act willfully, as required by Sec. 7203, because he honestly believed that the federal tax laws were unconstitutional insofar as they equated wages with taxable income. This court rejected similar arguments in Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir.1984) (per curiam) and United States v. Grumka, 728 F.2d 794, 797 (6th Cir.1984) (per curiam). Wheeler's disagreement with the tax laws will not constitute a good faith defense, even if he earnestly believes that the application of those laws violates the Constitution. See Grumka, 728 F.2d at 797. Thus, there was ample evidence from which a rational juror could have found that Wheeler had not acted in good faith, and it would be frivolous to challenge the sufficiency of the evidence regarding his convictions on appeal. See id.
 
 
 7
 Counsel also suggests that Wheeler may argue that the district court's instruction on the element of willfulness was improper. The court advised the jury in pertinent part as follows:
 
 
 8
 Willfulness for the purpose of criminal tax law requires the government to prove that the law imposed a duty on the defendant, that the defendant knew of the duty and that he voluntarily and intentionally violated that duty. But no proof of evil motive is required. Willfulness may be negated by a good faith misunderstanding of the legal duties imposed by the tax laws, even if the misunderstanding is not objectively reasonable. But that it cannot be negated simply by good faith belief that a known legal duty is unconstitutional.
 
 
 9
 This instruction was consistent with our reasoning in Grumka. It was also consistent with the Supreme Court's later ruling in Cheek v. United States, 498 U.S. 192, 204-07 (1991). In light of this authority, it can hardly be said that the district court's instruction was erroneous in Wheeler's case.
 
 
 10
 Finally, counsel suggests that Wheeler may challenge the district court's ruling at sentencing, which required him to pay restitution immediately, because it may be inconsistent with the conditions of supervised release that were outlined in the court's final judgment. The alleged inconsistency between these rulings is difficult to discern. Moreover, the issue is moot because Wheeler has been released from incarceration, and should now be paying any remaining restitution through the probation office.
 
 
 11
 A careful review of the trial and sentencing transcripts does not reveal any other issues that would have arguable merit on appeal.
 
 
 12
 Accordingly, counsel's request for oral argument is denied, the motion to withdraw as counsel is granted, Wheeler's request for new counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.